BETTIE MERRIWEATHER v. THE STATE.

1. An indictment for the theft of community property should allege the ownership to be in the husband. If the indictment alleges the ownership to be in the wife, and the proof shows the stolen articles to belong to the community, a conviction cannot be sustained.

2. An indictment for the theft of sundry articles of household furniture alleged the ownership of them to be in a married woman. The evidence on the trial proved that they belonged to the community property of the husband and wife, but the wife and other witnesses for the State testified that she had the control of them, and that the husband never interfered therewith. *Held*, that it was error to so instruct the jury as to permit them to conclude that the wife could possibly have exclusive possession and control of the articles, or could hold them in her own right so as to sustain the charge in the indictment that she was the owner, and thus warrant a verdict of guilty.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

After instructing the jury that "all property acquired during marriage is community property; and all community property is subject to the control of the husband so long as the marital relation subsists," the court below charged them further, as follows: " If, however, you believe from the testimony that Marie Leroux had control and exclusive possession of the articles described in the indictment; that she owned and claimed them in her own right exclusively, and that said ownership was acquiesced in by her husband, then you will proceed to examine into the question of the guilt or innocence of the defendant." This was the fifth instruction referred to in the opinion of this court. The jury found the appellant guilty, and assessed her punishment at two years in the penitentiary.

No brief for the appellant.

*John G. Boyle*, Assistant Attorney General, for the State.—The only point raised in this case is whether or not the possession of the property was vested in Marie Leroux. The articles stolen were, it is true, community property; but the testimony is conclusive that it was under her " special charge " and control. (Art. 2381, Paschal's Digest; Wharton's Am. Crim. Law, 404 and 1827; Langford v. The State, 8 Texas, 116; Dignowitty v. The State, 17 Texas, 521.)

OGDEN, J.—The indictment in this case was for a theft from a house, and charged the defendant with stealing the property of Marie Leroux. On the trial it was proven that Marie Leroux was a married woman and the wife of ———— Leroux, and that the property charged to have been stolen was the community property of Marie Leroux and her husband. Under our laws the community property of the husband and wife is under the immediate control and management of the husband, and, excepting the homestead, is subject to sale by him only, and is therefore, during the marriage,

his to all intents and purposes. An indictment, therefore, for the theft of community property should allege the ownership in the husband, or it will not authorize a conviction. (Wharton's Am. Crim. Law, p. 1827; 1 Hale, 513; Com. v. Davis, 9 Cush., 283; 12 Pick., 173, and Com. v. Williams, 7 Gray, 337.) In some of the States it has been decided that an indictment for the theft of the separate property of a married woman may allege the ownership in her; but in Massachusetts, in the case of the Com. v. Williams, where the law in relation to the separate property is in some respects similar to our own, the court held a different doctrine, and in the case of the Com. v. Davis it was decided that the property was properly laid in the husband, who had been absent for three years. It has also been held that when the wife had separated from her husband, and lived upon an income arising from property invested for her sole use, an indictment charging the theft of that income should allege the ownership in the husband. (Archibald's Crim. Pl., p. 29.) In the case now before the court the husband and wife were living together in the house where the theft is charged to have been committed, and at the time of the alleged theft the husband was sleeping in the house. We are not aware of any authority in this State, and see no reason in the evidence of this case, for alleging the property stolen as in the possession of or owned by the wife. We are therefore of the opinion that the court erred in the fifth charge given to the jury, wherein the jury were permitted to draw the conclusion that under the law the wife could possibly have exclusive possession and control of any community property, or that she could hold any portion of the same in her own right, and that therefore the property might have been stolen from her.

For the error here indicated the judgment of the district court is reversed; and as the evidence shows that no legal conviction can be had under the indictment the case is dismissed.

Reversed and dismissed.