could not be maintained in the absence of such notice, and we must decide in the same way here. This question was distinctly raised by motion at the commencement and close of the case, and by the motion for a new trial. The one-year statute of limitations contained in this same statute is equally a defense to this action. The action was not commenced until more than two years after the injuries were received, and the plaintiff's right of action had accrued. The statute was pleaded, and the motion for a new trial, the facts being undisputed, raised this question as well as the one relating to the failure to serve notice.

Our conclusion is that the exceptions by defendant should be sustained, and the motion for a new trial should be granted, with costs to the appellant to abide event. All concur.

OLNEY v. GOODWIN.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

PLEADING—AMENDMENT—DESCRIPTION OF PARTIES.

A new plaintiff is not substituted by amending the summons which described plaintiff as "O., Receiver," so as to read, "O., as Receiver of the Sargent Granite Company." Munzinger v. Courier Co., 31 N. Y. Supp. 737, 82 Hun, 575, followed.

Appeal from special term, New York county.

Action by Peter B. Olney, as receiver, etc., against Frank W. Goodwin. The action was commenced by service of summons describing plaintiff as "Peter B. Olney, Receiver." The complaint as served on defendant's attorneys described plaintiff as "Peter B. Olney, as Receiver of the Sargent Granite Company." The complaint was returned for this variance, and defendant moved for dismissal for want of a complaint. Plaintiff moved for leave to amend the summons to correspond to the complaint. From orders denying defendant's motion, and granting plaintiff's motion, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant.
G. C. Comstock, for respondent.

PER CURIAM. The order in this case should be affirmed, on the authority of Munzinger v. Courier Co. (82 Hun, 575, 31 N. Y. Supp. 737.

Order affirmed, with $10 costs and disbursements.