Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH ADAMS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ATLANTA CONSTRUCTION COMPANY, Employer, and the GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

**Workmen's Compensation Law — appeal and review — time to serve notice of appeal — Workmen's Compensation Law, § 23, and Code of Civil Procedure, § 798, construed to allow three days' additional time where notice of award " sent " by mail.**

Under section 23 of the Workmen's Compensation Law, providing that an appeal may be taken to the Appellate Division within thirty days after notice of the filing of an award or the decision of the Commission has been sent to the parties, and which provides further that " Otherwise such appeals shall be subject to the law and practice applicable to appeals in civil actions," an appellant is entitled under section 798 of the Code of Civil Procedure to three days' additional time in which to serve a notice of appeal where notice of award is sent to the parties by mail.

MOTION by the claimant, Elizabeth Adams, to dismiss the appeal herein of the Globe Indemnity Company, insurer, on the ground that the notice of appeal was not served in time.

*Thomas H. Dowd,* for the claimant and motion.

*Robert M. McCormick* [*Thomas J. Skelly* and *Andrew Eckel* of counsel], for the appellant Globe Indemnity Company, opposed.

COCHRANE, J.:

Notice of award was mailed to the attorneys for the appellant August 6, 1921. Thirty-two days thereafter and on September 7, 1921, notice of appeal was served. Section 23 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) provides as follows: " Within thirty days after notice of the filing of the award or the decision of the Commission has been sent to the parties an appeal may be taken to the Appellate Division of the Supreme Court, Third Department." After containing various provisions not here material said section continues: " Otherwise such appeals shall be subject to the law and practice applicable to appeals in civil actions." When this appeal was taken section 798 of the Code of Civil Procedure was in effect and that section afforded this appellant three days additional time in which to take the appeal provided it was " subject to the law and practice applicable to appeals in civil actions." We discover no reason why it was not thus subject to such law and practice. The argument to the contrary is based on the use of the word " sent " in the statute instead of the word " served," and it is claimed, therefore, that an appellant is limited in all cases to thirty days for the service of a notice of appeal. The statute does not say " sent by mail " or " mailed." The word " sent " implies either sending by messenger, which is a personal service, or sending by mail, which is a service by mail. The statute should be construed according to its obvious intent and we think that as in the case of an appeal in a civil action the appellant here was entitled to three days' additional time in which to serve the notice of appeal. Furthermore, said section 23 provides that an appeal may be taken to the Court of Appeals " in the same manner and subject to the same limitations not inconsistent herewith as is now provided in civil actions." This clearly gives· an appellant under this section the same time within which to take an appeal to the Court of Appeals as exists in civil actions, and it would be an obvious incongruity to hold

that an appellant has the additional time in appealing to one court but not to the other. The Legislature did not so intend. The motion should be denied.

Present — John M. Kellogg, P. J., Cochrane, H. T. Kellogg, Kiley and Van Kirk, JJ.

Motion denied.