# APPELLATE DIVISION

#### OF THE

# SUPREME COURT

#### OF THE

## STATE OF NEW YORK

Before STATE INDUSTRIAL BOARD, Respondent.
In the Matter of the Claim of MICHAEL McGUIRE, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of CHARLES McGUIRE, *v.* NEW HAVEN ERECTION COMPANY, Employer, and MANUFACTURERS' LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 27, 1922.

**Workmen's Compensation Law — appeal and review — notice of appeal from award of State Industrial Board must be served on claimant.**

An appeal from an award of the State Industrial Board will be dismissed where no notice of the appeal has been served on the claimant and the time in which to do so has expired.

MOTION by the claimant, Michael McGuire, to dismiss an appeal by the defendants, New Haven Erection Company and another, from an award of the State Industrial Board.

*Costello, Burden, Cooney & Fearon,* for the motion.

*A. G. Maul* opposed.

PER CURIAM:

The ground upon which the motion is made is that no notice of appeal has been served on the claimant and that the time in which to do so has expired. The claim of Michael McGuire grows out of his dependency on his son, Charles McGuire, accidentally killed while in the employment of the defendant the New Haven Erection Company. There has been a hearing on the claim and the claimant was represented thereon by George R. Fearon, an attorney of Syracuse. Notice of award was served on the defend-

ants, the New Haven Erection Company and Manufacturers' Liability Insurance Company July 18, 1922. An appeal from the award has been taken by the insurance company by service of a notice of appeal on the Attorney-General and on Frederick H. Cunningham, attorney for the State Department of Labor. We think the motion to dismiss the appeal should be granted. Appeals from awards made by the State Industrial Board are regulated by section 23 of the Workmen's Compensation Law, which, containing specific provisions, subjects such appeals to the law and practice applicable to appeals in civil actions. The law and practice in such actions requires that all parties interested in the determination of an action or proceeding should be served with the notice. Such parties cannot be deprived of adjudicated rights without being made parties to an appeal, the purpose of which is to impair or destroy such rights. (*Bemis* v. *Huntington*, 15 App. Div. 627; *Hiscock* v. *Phelps*, 2 Lans. 119; *Adams* v. *Atlanta Construction Co.*, 198 App. Div. 430.)

In order to perfect the appeal from the award of the Industrial Board we hold it to be necessary to serve the claimant. The appeal should be dismissed.

Present — H. T. KELLOGG, KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Motion granted.