WILLIAM SHEAFE CHASE *v.* FRANKLIN S. BILLINGS ET AL.

January Term, 1934.

Present: SLACK, MOULTON, THOMPSON, and GRAHAM, JJ., and STURTEVANT, Supr. J.

Opinion filed February 6, 1934.

*William Scoville* for the petitioner.

*Lawrence C. Jones,* Attorney General, for the petitionees.

SLACK, J. This is a petition for a writ of *certiorari* to review the action of a convention held pursuant to the provisions of Act No. 6 of the Acts of 1933, which is entitled "An Act to provide for the calling of conventions for the adoption or rejection of proposed amendments to the Constitution of the United States, submitted by Congress to conventions."

The petitioner is a resident of the city of Brooklyn, New York, and brings this petition on behalf of himself and various named organizations and societies which it is alleged that he represents.

The petition is dated November 8, 1933. It appears therefrom that a convention was held in accordance with the provisions of the act above mentioned on September 26, 1933, to act upon the proposed amendment to the Constitution of the United States relating to the repeal of the Eighteenth amend-

152.

ment to such Constitution; that the petitionee, Billings, was the chairman, and the petitionee, Myrick, was the secretary of the convention; that the convention adopted a resolution ratifying the proposed amendment; that on the same day, "in conformity with the statute" and a resolution adopted by the convention, the petitionees made and transmitted to the Secretary of State of the United States a certificate showing in detail the action of such convention, and that the facts appearing in such certificate are now a matter of record in the office of the petitionee, Myrick, as Secretary of this State. The prayer of the petition *is* that the petitionees be ordered to certify and return said record to this Court, and that, that being done, we review and quash the same because such statute does not conform to article 5 of the Constitution of the United States or to section 8, chapter 1, and section 5, chapter 2, of the Constitution of this State, and consequently said statute and all acts done under it are void. The petition is challenged by demurrer on several grounds.

██ ██ Our practice regarding petitions of this nature is clearly pointed out in *Davidson* v. *Whitehill et al.,* 87 Vt. 499, 89 Atl. 1081. We hear the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusing of the writ. Passing over the question of whether the petition discloses such an interest in the petitioner as enables him to maintain these proceedings, we take up the question of whether the acts of the petitionees, or either of them, or of the convention, were judicial or *quasi* judicial in character. If they were not, the writ must be denied, since practically all of the courts of the country follow the common-law rule and hold that the purpose of the writ is to review such acts only, and that it can in no case extend to reviewing acts that are ministerial, legislative, or executive. *Davidson* v. *Whitehill et al., supra.* The petitioner in his brief admits that such is the general rule. If there are any exceptions to it, he has not called them to our attention.

██ He contends that United States Code, title 5, U. S. C. A. § 160 (U. S. Revised Statutes, § 205), purports to vest in the Secretary of State of the United States power to determine judicially whether a proposed amendment has received the sanction provided by article 5 of the federal Constitution, and

that the court in *Leser* v. *Garnett,* 258 U. S. 130, 66 L. ed. 505, 42 Sup. Ct. 217, 218, in effect so held; and he argues that if the act of the Secretary of State of the United States is judicial or *quasi* judicial in character the act of our Secretary of State, Myrick, must likewise be judicial in character. This comprises the authorities cited by him and the substance of his argument, touching this all-important phase of the case. It is apparent that he has misconceived the effect of the statute upon which he relies, as well as the case cited. It is held in *United States* v. *Colby,* 49 App. D. C. 538, 265 Fed. 998, where a petition for a writ of mandamus was denied, that the act which the federal statute enjoins upon the Secretary of State is purely ministerial, and that he is not required, or authorized, to investigate and determine whether or not the notices of ratification received by him from the several states contain the truth. That case was affirmed in 257 U. S. 619, 66 L. ed. 400, 42 Sup. Ct. 169, on the authority of the *National Prohibition Cases,* 253 U. S. 350, 64 L. ed. 946, 40 Sup. Ct. 486. Without attempting to classify the acts of the petitionees, or of the convention, it is clearly apparent that they were not judicial or *quasi* judicial in any sense of the word. See *Davidson* v. *Whitehill et al., supra,* and cases cited. Then, too, the petitionee, Myrick, is not a party to these proceedings as Secretary of State, but as secretary of said convention. Whether prohibition, or mandamus, or some other remedy might have availed the petitioner had it been seasonably sought is beside the question. It is clear that for the reason stated *certiorari* will not.

Another reason why this writ should not be granted is that the issuance of such a writ is largely a matter of discretion, *Davidson* v. *Whitehill et al., supra,* and clearly ought not to issue when, as here, it will be unavailing. It appears from the petition that the resolution of Congress submitting the proposed amendment provided that the proposed amendment ''shall be valid to all intents and purposes as part of the Constitution when ratified by conventions in three-fourths of the several states.'' It appears from the proclamation of the Secretary of State of the United States issued December 5, 1933, of which we take judicial notice, *Dillon* v. *Gloss,* 256 U. S. 368, 376, 65 L. ed. 994, 41 Sup. Ct. 510, that the requisite number of states had then ratified the proposed amendment. It will be

presumed that the Secretary's proclamation was based upon duly authenticated notices from the several states. We have, then, a situation analogous in principle to that presented in *Leser* v. *Garnett, supra,* regarding the action of Tennessee and West Virginia respecting the ratification of the Eighteenth Amendment to the federal Constitution. In disposing of that question the Court said: "The proclamation of the Secretary certified that from official documents on file in the Department of State it appeared that the proposed amendment was ratified by the Legislatures of thirty-six States, and that it 'has become valid to all intents and purposes as a part of the Constitution of the United States.' As the Legislatures of Tennessee and West Virginia had power to adopt the resolutions of ratification, official notice to the Secretary, duly authenticated, that they had done so was conclusive upon him, and, being certified to by his proclamation, is conclusive upon the courts."

That this State had power to adopt the resolution of ratification by a proper convention is not questioned. Nor is it questioned but that official notice, duly authenticated, was given to the Secretary of State of the United States on September 26, 1933, that it had done so. Such notice was conclusive upon him, *Leser* v. *Garnett, supra,* and *Dillon* v. *Gloss, supra,* and when he received like notice from the requisite number of states the ratification of the proposed amendment was consummated, and became, to all intents and purposes, part of the federal Constitution. See cases last cited. The Secretary's proclamation certifying the states that had ratified the proposed amendment was official notice to the world of what had happened, and as we have seen, is conclusive upon the courts. *Leser* v. *Garnett, supra.*

The fact that these proceedings were brought before the ratification was consummated does not change the situation. No one with authority to act in the matter at the time they were brought, or since, is party to them, or chargeable with knowledge of them.

The ratification of the proposed amendment having been consummated and the same having become part of the federal Constitution, the writ prayed for should be denied as a matter of discretion.

 Since this disposes of the case there is no occasion to consider the constitutionality of the act in question. This ordinarily will not be done unless the disposition of the case in hand requires it. *State* v. *Hall*, 96 Vt. 379, 119 Atl. 884; *Sabre et al.* v. *Rutland R. R. Co.*, 86 Vt. 347, 85 Atl. 693, Ann. Cas. 1915C, 1269. The petitioner urges, however, that because of its importance and the public interest involved, we depart from the general rule and determine this question. This, in the circumstances, we decline to do. The question is no longer of public interest, or important unless Congress submits further proposals of amendment to the federal Constitution to conventions of the several states, which may not happen again—it never has before. If it does, and the question is properly raised, there will then be time to consider it.

*Petition dismissed.*