## KENNETH ENOX v. THE STATE.

No. 18698. Delivered January 6, 1937.
Rehearing Denied February 10, 1937.

638

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of one head of cattle, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that some time in the early part of March, 1936, Mr. E. J. Robinette missed a young bull from the open range; that about the 19th day of March, 1936, appellant sold and delivered to Mr. Jeff Teenor said bull for the sum of $27.50. After Mr. Robinette missed the bull he became quite active in trying to locate it and pursued the search with great diligence. A rumor spread throughout the country that the animal which appellant had sold to Mr. Teenor fitted the description of the animal missed by Mr. Robinette. Mr. Teenor met appellant and inquired of him if the bull which he had purchased from him was "hot." Appellant assured him that it was not. However, a few days later the animal disappeared from Mr. Teenor's pasture and soon thereafter Mr. Robinette found him near his pasture and took possession of him. The animal's earmarks had been changed. A few days prior to the time that Mr. Robinette found his animal the appellant appeared at the home of Mr. Robinette and offered to buy the missing animal and agreed to pay $30.00 for it, which Mr. Robinette agreed to accept and a check in said sum was delivered by appellant to Robinette with the request that he was not to cash it unless the bull failed to show up in Robinette's pasture by the following Sunday. The check was not cashed by Robinette. We think that the testimony is sufficient to justify and sustain the conviction.

By bill of exception number one appellant complains of the action of the court in overruling his motion for a continuance based on the absence of his wife, who was ill and unable to attend court. The application discloses that appellant expected to prove and would have proved by the absent witness, if present in court, that she wrote the check in the sum of $30.00 and

signed the name of appellant's mother to same; that appellant did not at any time come into possession of the alleged stolen bull; that appellant had no knowledge of any agreement to pay for a stolen bull with said check. The bill of exception is qualified by the court and in his qualification states that the physician's certificate of the condition of the absent witness is unsatisfactory and insufficient to show that the witness was in such condition that she could not safely attend court; that a few days after the trial she appeared in the court, but showed no signs of being in the condition as claimed by defendant. Appellant brought this matter forward in his motion for a new trial, but did not attach the affidavit of the witness to the motion, nor did he swear to his motion. The granting of a motion for a continuance rests largely in the sound discretion of the trial court and unless it is made to appear that he abused his discretion in refusing the continuance no reversible error is shown. See Hughes v. State, 95 Texas Crim. Rep., 65; McCuen v. State, 75 Texas Crim. Rep., 108; Bronson v. State, 59 Texas Crim. Rep., 17.

Bills of exception numbers two, three, four, and five have been carefully considered by us and found to be without merit.

By bill of exception number six appellant complains of the action of the court in declining to submit to the jury his special requested charge number one for an instructed verdict of not guilty. In this, there was no error.

The court did not err in declining to submit appellant's requested special charge number two for the reason that it did not contain a proper pronouncement of the law of the case.

The court did not err in declining to submit appellant's special requested charge number one, as set forth in bill of exception number eight, which reads as follows:

"If the jury believed or had a reasonable doubt that there had been a sale of said property and the acceptance of a check at an agreed price from the defendant by the said Robinette, that the jury would acquit the defendant," * * *

We do not think that appellant was entitled to such an instruction for the reason that the testimony shows that after he had stolen the animal from Mr. Robinette and after he had sold it to Mr. Teenor, he offered to buy it from Robinette. The offense of theft had already been committed by him and he could not relieve himself from prosecution by buying the animal after he anticipated detection. Neither do we think that said facts showed a voluntary return of the stolen property so as to

justify an instruction under Art. 1343, Branch's Anno. Penal Code.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully considered the record again in the light of appellant's motion, but are unable to agree with any of his contentions. Clearly, the qualification of the trial court on appellant's bill of exceptions complaining of the refusal of a continuance sought by him, must be given effect by us, and same shows that in the opinion of the trial court appellant's wife was not unable to be present at court, but on the contrary was able to so appear.

We think it proper to allege the animal, the property of a fifteen year old minor son of the alleged owner, in the case before us,—as the property of the father. The record shows that the father took care of the animal, and it was under his care, management and control.

Each of the questions set up by appellant in his motion for rehearing was passed upon in our original opinion, and we think correctly.

The motion for rehearing is overruled.

*Overruled.*