HOMER WALTON V. THE STATE.

No. 22459. Delivered March 31, 1943.

The opinion states the case.

*W. T. McDonald,* of Bryan, and *John R. Grace,* of Hearne, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of one cattle. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant presents a number of questions for review. The most serious one relates to the court's action in declining to peremptorily instruct the jury to return a verdict of not guilty on the ground of variance between the allegation of ownership of the animal in question and the evidence introduced.

It is charged in the indictment in substance that "on or about the 21st day of November, 1941, and anterior to the presentment of this indictment in the county and state aforesaid, Homer Walton did then and there fraudulently take from the possession of Mrs. Floyd Moore one cattle, the same being the corporeal personal property of the said Mrs. Floyd Moore," etc.

The uncontroverted evidence shows that Mrs. Moore was the wife of Floyd Moore; that they were living together as husband and wife at the time in question; that Floyd Moore, the husband of Mrs. Moore, and one, Lamar Williams, were partners in the cattle business; that some three months prior to the time

of the alleged theft of the animal in question, they acquired a cow and calf; that they sold the calf to Floyd Bryan Moore, a son of Mr. and Mrs. Moore, for $11.00. The son, a youth about 8 or 9 years of age, testified that he had purchased the animal in question and that he cared for it. Floyd Moore also operated an auction ring at Madisonville, where on certain days cattle were bought and sold at auction. His business was such that he would necessarily be away from home much of the time but would go home at nights, eat and sleep there. Mrs. Moore testified that she was in possession of the animal in question during the absence of her husband but she stated no facts which sustained her conclusion.

It seems to be the established rule in this State that although the alleged stolen property belonged to a minor, the ownership and possession thereof may be alleged to be in either the minor or the parent. See Enox v. State, 131 Tex. Cr. R. 637; 41 Tex. Jur. p. 135, sec. 84; Jackson v. State, 80 S. W. 631; Carter v. State, 138 Tex. Cr. R. 435; Wright v. State, 35 Tex. Cr. R. 470. Again, where stolen property is owned by the husband and wife jointly as community property and where the spouses are living together, the ownership should be laid in the husband. See Merriweather v. State, 33 Tex. Rep. 790; Jones v. State, 47 Tex. Cr. R. 126. However, there are exceptions to the general rule which authorized ownership and possession of stolen property to be charged to have been in the wife, that is, when the husband has abandoned her or where he is away from home and leaves the property in her exclusive possession, or where it is her separate property. See Childress v. State, 241 S. W. 1029, 92 Tex. Cr. R. 215; Wilson v. State, 3 Tex. Cr. App. 209; Lucas v. State, 36 Tex. Cr. R. 397. There is no evidence in the record which brings this case within any of the exceptions.

In the present case, the animal in question belonged to the minor son of Mr. and Mrs. Moore. He staked it and cared for it which, of course, is natural and he, no doubt, was happy to be the owner thereof. Even though the father was away from home much of the time during the day, nevertheless, he was at home at night and ate and slept there. Would his absence much of the time during the day be sufficient in law to hold that Mrs. Moore was in possession of and in control of the stolen animal? We think not. Under the law, the father had the legal control and management of the animal, although it belonged to the minor, and ownership should have been alleged in the father. The animal was not physically in the possession or under the control of Mrs. Moore. All that might be said is that she assumed that she had possession thereof.

Appellant also contends that the State failed to prove venue. We are not in accord with his contention. Mr. and Mrs. Moore lived at Bryan. She saw appellant drive by her home with the animal in question in his pick-up truck. This court will take judicial knowledge that Bryan is the county seat of Brazos County. Venue was shown to be in said county, but if it should be conceded that appellant took possession of the animal in some other county, but passed through Brazos County, he might be prosecuted in either county. See Art. 197, C. C. P.

The other questions presented are such as will not likely arise upon another trial; hence we see no need of discussing them.

Having reached the conclusion that there is a variance between the allegation and the proof as to the ownership and possession of the stolen animal, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.