JOHN D. HALEY V. THE STATE.

No. 23262. Delivered January 9, 1946.

The opinion states the case.

*Allen & Allen, Garvey Brown, Jack H. Reeves,* and *King C. Haynie,* all of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

There are not any bills of exception in the record complaining of the admission or exclusion of any evidence; nor are there any objections to the court's charge. The only question for review relates to the sufficiency of the evidence to sustain the conviction. Appellant contends that there is a fatal variance between the allegations in the indictment and the proof in support thereof. The indictment contains two counts, in the first of which appellant was charged with fraudulently receiving from some person unknown to the grand jurors and fraudulently concealing certain corporeal personal property then and there be-

longing to Mrs. Gene Blackley, which property had theretofore been acquired in such manner as to bring it within the meaning of the term theft, etc. In the second count, it is alleged that the said John D. Haley, on or about the 4th day of March, A. D., 1945, in said county and state, did fraudulently take and steal one automobile of the value of six hundred dollars, the same being then and there the corporeal personal property of Mrs. Gene Blackley, the owner thereof, from the possession of the said owner, without the consent of said owner and with the intent then and there to deprive the said owner of the value of the same and to appropriate it to the use and benefit of the said John D. Haley, etc.

Mrs. Gene Blackley testified in substance as follows:

"I live at 303 W. 9th Street, here in Houston, Harris County, Texas. On the 4th of March, 1945, I was the owner of an automobile, a 1937 Buick Sedan, valued at approximately seven hundred dollars. That automobile was stolen from in front of my house about 11:20 at night, and I recovered it a couple of days later. The automobile was stolen on Sunday and I recovered it on Tuesday from the police officers. I am married and my husband is in the army. * * * I did not give this defendant or anyone else my consent or permission to take my automobile."

On cross-examination she testified as follows:

"The car was not in the garage, it was parked on the street; that is the place where I keep my car. The car belongs to my husband."

On re-direct examination she testified:

"The automobile was in my possession at the time it was stolen. My husband was in the army at that time."

Upon being recalled, she testified on direct examination as follows:

"Previous to the 4th of March, this year, my husband was in the army and he was in the army on the 4th of March. I had possession and control of the automobile at the time it was stolen. My husband was not at home at the time the automobile was stolen. * * * My husband is at home now."

It seems to be the established rule in this state that although stolen property is owned by the husband and wife jointly as

community property and where the spouses are living together, the ownership should be laid in the husband. See Merriweather v. State, 33 Tex. 789, 790; Jones v. State, 47 Tex. Cr. R. 126. However, there are exceptions to the general rule which authorizes ownership and possession of stolen property to be charged to have been in the wife, that is, when the husband has abandoned her, or where he is away from home and leaves the property in her exclusive possession, or where it is her separate property. In the instant case, the evidence shows that the husband was in the army, and if he was in the army, he was not at home. Having left the property in her care and custody and under her control, it was proper to charge ownership of the property in Mrs. Blackley. See Miles v. State, 51 Tex. Cr. R. 587; Lane v. State, 69 Tex. Cr. R. 65; also Arts. 1414, 1415, P. C.

Appellant cites us to the case of Walton v. State, 170 S. W. (2d) 224, 145 Tex. Cr. R. 521, as supporting his contention We think that case is readily distinguishable from the instant case upon the facts. In that case the minor son of Mr. and Mrs. Walton was the true and real owner of the property in question. The State charged the ownership of the property to be in the mother of the boy. The proof showed that she was a married woman and lived with her husband; that her husband was home every night and a great part of the time during the day. It will thus be noted that there is quite a difference between the facts of that case and the present instance.

In the case of Nugent v. State, 89 Tex. Cr. R. 168, this court, speaking through Judge Hawkins, said:

"If Arthur Branch had gone away from home leaving his wife in the exclusive control, care and management of the hog in question, in view of re-indictment, we suggest it should contain a count alleging ownership in her, and bailment made by her."

In the present case, when the proof showed that the husband of Mrs. Gene Blackley had been inducted into the army, and having left the property in her care and custody and under her control, in the absence of any evidence showing that he had left it in the care and custody and under the control of someone else, it was sufficient to support the allegation of ownership of the property to be in Mrs. Blackley.

Having reached the conclusion that there is no fatal variance between the allegation and the proof, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.