ARNOLD RUSSELL, B.N.F., *v.* BARRE PLYWOOD CO.

(68 A2d 691)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, J.J.

Opinion filed October 4, 1949.

*Lee E. Emerson* for the defendant.
*Richardson & Caldbeck* for the plaintiff.

BLACKMER, J. The plaintiff, who at all times herein considered was a minor, having at defendant's request returned two trucks which he had leased or purchased from defendant, brought this action in contract by his next friend for the consideration paid. It is immaterial for the purposes of this opinion whether the transaction was a lease or sale, and so we do not belabor that point. There was no specific mention in the writ or complaint that plaintiff was a minor, nor was there an allegation that prior to bringing suit he had rescinded the contract and demanded a return of the consideration. When it was stated in plaintiff's counsel's opening statement that plaintiff was a minor and sought to recover money paid under a rescinded contract, defendant moved to dismiss on two grounds: first, that the fact of infancy must appear in the pleading; and second, that plaintiff must allege that he had rescinded the contract and demanded a return of the consideration prior to bringing suit. Whereupon the court permitted plaintiff to amend by adding the words "a minor" after his name in the writ, and denied the motion to dismiss. Defendant excepted to the court's allowance of the amendment on the ground that the original writ did not set forth a cause of action, and excepted to the denial of his motion to dismiss on the same grounds urged in its support, as indicated above.

▮ The defendant is correct in its contention that good pleading requires a minor to specifically state that he is such when he sues by his next friend. But the failure to so allege does not vitiate the cause of action. It was obvious to defendant from the form of the suit that plaintiff was under a disability. The pleader's design appeared with reasonable certainty. *Howe v. Lisbon Savings Bank*, 111 Vt 201, 214, 114 A2d 3. The complaint indicated a subject matter for adjudication, and classified it as an action of contract over which the court had jurisdiction. The proposed amendment offered no possibility of a shift to another cause of action, but offered the quantity and general quality of matter to complete the cause of action stated. What was already in sufficed to identify the new matter as rightly belonging there, and receiving the new matter made the cause of action complete. Gould on Pleading, sixth edition, 136.

▮ The power of amendment with respect to parties is largely in the sound discretion of the trial court. *Emerson v. Wilson*, 11

Vt 357, 359, 34 Am Dec 695. Such amendments are favored and
are readily and liberally allowed in the furtherance of substantial
justice, 39 Am Jur 1002, particularly when a minor party is in-
volved. 43 CJS 271.

What we have here is a partially inadequate description of
a minor plaintiff. This may be corrected by amendment, and for
this holding *Hathaway v. Sabin*, 61 Vt 608, 610, 18 A 188,
is authority by analogy. There plaintiff was permitted to amend
by adding to his name the name under which he was doing busi-
ness, the court saying that the amendment added neither a new
party nor a new cause of action. See also *Olsey v. Goodwin*, 15
App Div 627, 44 NYS 41, where plaintiff was permitted to add to
his designation as receiver the words "of the Sargent Granite
Company," and *Turner v. Bragg*, 115 Vt 196, 197, 55 A2d 268,
where plaintiff was permitted to substitute a different description
in respect to her representational title.

So far as appears, the court acted as a matter of discretion.
The amendment introduced no new cause of action, but was for
the same matter more fully or differently laid, and was properly
allowed under V. S. 1617 and 1618, Rev. 1947. *Albertson v. Bray
Wood Heel Co.*, 113 Vt 184, 186, 32 A2d 125. In the light of the
foregoing, it cannot be said that the writ and complaint did not set
forth a cause of action.

It remains only to be said that if defendant was surprised by
the fact that plaintiff was a minor, his rights were fully protected
by County Court rule 15 (7), 1946, which provides for continuance
on amendment for cause shown. No request for a continuance was
made; on the contrary defendant proceeded immediately to trial,
and the cause was fully heard for three days.

Next for determination is whether a minor plaintiff must
rescind the contract and demand a return of the consideration paid
before bringing a suit sounding in contract to recover such con-
sideration. The answer is that he need not. *Whitcomb* v. *Joslyn*,
51 Vt 79, 31 Am Rep 678, is squarely in point. There, as here,
the property had come into defendant's possession by defendant's
own act. Plaintiff never offered to rescind the contract, but sued
to recover the sum paid. It was held that since the property sold
by defendant to plaintiff went back into defendant's possession by
defendant's own act, there was left nothing for plaintiff to do to
entitle him to the money paid, but to disaffirm. This he did by
bringing suit, and recovered. Likewise in *Stack* v. *Cavanaugh*, 67

NH 149, 155, 30 A 350, which was an action for the recovery of money (as here) the action was held maintainable without previous demand. See also *Wiser & wf.* v. *Lockwoods Estate,* 42 Vt 720, 722, 726. In that case a minor widow deeded her interest in her husband's estate for $100.00. After attaining her majority she neither affirmed nor revoked the deed, but brought suit for her share in the estate. It was held that she was entitled to have her claim allowed. We should add that in mentioning this case we appreciate that it involves a claim for dower.

Defendant cites *McNaughton b.n.f.* v. *Granite Auto Sales,* 108 Vt 130, 183 A 340, 341, where the court said, "The demand for the return of the money and the bringing of this action for its recovery indicated an election by her to treat the contract as void." There had been a demand and refusal before suit was brought, and the decision is, of course, sound on its facts. However, the case in no way negatives *Whitcomb* v. *Joslyn, supra* which is cited with approval, nor *Wiser & wf.* v. *Lockwoods Est., supra,* which is not mentioned. Both latter cases were decided on different facts.

The plaintiff also relies on *Bombardier* v. *Goodrich,* 94 Vt 208, 110 A 11, 9 ALR 1028, but that case is not in point. There plaintiff had demanded a return of his property before he instituted suit, but as to whether such a demand was necessary, or whether such a demand should be alleged, the case is silent. The case is authority for the proposition that a sufficient tender of the property acquired by a minor plaintiff is excused when the tender made is refused for an untenable reason.

Although plaintiff had worked for his father for a year on the latter's farm, he knew trucking best and that had been his kind of work. While he had possession of the trucks he used them in hauling logs for defendant, applying the net income derived from this service at first for his own support, and after his marriage for the support of himself and his family. It does not appear that the owning or leasing and the operation of a truck or trucks was the only means of livelihood open to him. Defendant requested the court to find that under these circumstances the trucks became necessaries for plaintiff, and excepted to the court's refusal so to do upon the grounds that the finding was material, and that under the circumstances he is estopped from claiming that the trucks were not necessaries.

 The court was by no means required as a matter of law

to comply with the request. It is true that what are necessaries depends on the facts of a particular case. *Winship* v. *Waterman,* 56 Vt 181, 184. The statutory definition is "Goods suitable to the condition of life of such infant . . . . . and to his actual requirements at the time of delivery." Uniform Sales Act, V. S. 7855, Rev. 1947. Even so the law has been reluctant to recognize trucks used for business purposes as necessaries. *Schoening* v. *Gallett,* 206 Wis 52, 238 NW 852, 78 ALR 387; *Pyett* v. *Lampman,* 53 Ont. 149; *Fulweiler Electric Co.* v. *Spann,* Tex Civ App, 252 SW 892; *Utterstrom* v. *Kidder,* 124 Me 10, 124 A 725; 1 Williston on Contracts, Rev. Ed. Vol. 1, page 718. We quote with approval from the last mentioned case:

> "A minor is bound by and cannot disaffirm his contract for necessaries, such as food, clothing, lodging, medical attendance, and instruction suitable and requisite for the proper training and development of his mind. While the term 'necessaries' is not confined merely to such things as are required for bare subsistence, and is held to include those things useful, suitable, and necessary for the minor's support, use, and comfort, it is limited in its inclusion to articles of personal use, necessary for the support of the body and improvement of the mind of the infant, and is not extended to articles purchased for business purposes, even though the minor earns his living by the use of them and has no other means of support."

██ Emancipation by a father does not enlarge a minor's capacity to contract, *Person v. Chase,* 37 Vt 647, 649, 88 Am Dec 630, nor does the marriage of a minor affect his incapacity to make a contract which is not voidable. *Commonwealth* v. *Graham,* 157 Mass 73, 31 NE 706, 16 LRA 578; 27 Am Jur 749; 1 Williston on Contracts (supra) 675, 676.

The trial court found the fact to be that both trucks were not necessaries, and in so far as the question was one of law, so ruled. No error appears.

Defendant asserts in his brief that on the facts as stated above plaintiff is estopped from asserting his infancy, but cites no authorities to that effect. Under the circumstances it is enough to

say that none of the elements of a minor's estoppel, as we understand them, are present. See 27 Am Jur 796 et seq.

Defendant requested the court to find that the arrangement between plaintiff and defendant constituted leases of the two trucks, and not conditional sales of them, and further requested the court to find that the sums paid by plaintiff to defendant were for the use of the trucks while in plaintiff's possession. The court refused to so find, and defendant excepted on the ground that the requested findings were material, that plaintiff had received full value for both trucks during the period that he had them, and that there was nothing for defendant to return to plaintiff on disaffirmance of the contract.

■ We indicated above that for the purposes of this case it is immaterial whether the trucks were conditionally sold or leased. In either event the rule is that if a minor, having used or parted with the property received while still a minor (as here), no longer possesses it he may, and as a logical consequence of his incapacity, avoid an executory promise or an executed transfer without liability for what was given him in exchange. 1 Williston on Contracts (supra) Section 238, pages 702 and 703. This has been the law of Vermont since *Price* v. *Furnam,* 27 Vt 268, 269, 65 Am Dec 194 (1855), where the court excluded evidence that the trade was fair and to the great advantage of plaintiff, and that plaintiff had used the mare in question for eight weeks. The court said at 271, "To say that an infant cannot recover back the property which he parted with under such circumstances, because of his indiscretion he has spent, consumed or injured that which he received, would be making his want of discretion the means of binding him to all his improvident contracts, and deprive him of that protection which the law designed to secure to him." In *Wiser* v. *Lockwoods Est.,* 42 Vt 720, 726, where a minor wife quitclaimed her interest in her husband's estate and spent the consideration, this court held that her inability and neglect to return the consideration did not affect her right to avoid the transaction. Another case supporting the rule above stated is *Whitcomb* v. *Joslyn,* 51 Vt 79, 80, 81, 31 Am Rep 678. There the use the plaintiff had of the wagon was worth what he had paid for it, yet the court said, in permitting him to recover what he had paid, "The plaintiff is no more liable for the use of the wagon than for its agreed price."

It is true, as urged by defendant, that this rule sometimes causes hardship on the adult, and that there is a minority view

which requires that the minor must put the other party in statu quo. The cases are collected in Williston on Contracts (supra) § 238. Still it is equally true that our rule, which is that of the majority, has operated satisfactorily for almost one hundred years. No occasion for change appears. It follows that the court was without error in declining to find as requested. Had it so found, the result would be the same.

On February 4, 1948, after some negotiations, plaintiff and defendant entered into a written accord and satisfaction of certain differences which had arisen over the trucks and their operation by plaintiff in defendant's employ. Specifically, plaintiff forwent and canceled any claims and any equity which he might have in the second truck, and in return defendant acknowledged full settlement of plaintiff's account. Defendant requested the court to find that this agreement was fully executed by both parties, and excepted to the court's refusal to find exactly as requested on the ground that the request was material, and on the additional ground that plaintiff received full value for defendant's release of him and that plaintiff's receipt based on a valid and sufficient consideration bais him from claiming the sums for which he sued. Defendant cites no authority in support of his position. Passing over the sufficiency of the briefing, and whether the findings fairly construed show that the accord and satisfaction was fully executed (in our judgment the findings do so show), we proceed directly to the point sought to be raised.

■ An executed accord and satisfaction is not binding on a minor. It was so held in *Bromley b. n. f.* v. *School District,* 47 Vt 381. See also *Abell Jr.* v. *Warren,* 4 Vt 149.

■ Defendant argues in his brief that the agreement of February 4, 1948, was never avoided. It does not appear that this point was raised on trial, but had it been, it would have been unavailing. Plaintiff received nothing under the accord but a cancellation of defendant's claims against him. A minor may disaffirm a release given by him by merely bringing an action on the claim released. *St. Louis etc. R. R.* v. *Higgins,* 44 Ark 293 ; *Arizona Eastern R. R. Co.* v. *Carillo,* 17 Ariz 115, 149 P 303.

Defendant excepted to the judgment, which raises the question of whether the judgment is supported by the findings. *Duschaine* v. *Zaetz,* 114 Vt 274, 276, 44 A2d 165 ; *Colby's Exr.* v. *Poor et al,* 115 Vt 147, 154, 55 A2d 605.

All but one of the grounds urged in support of this exception

have been disposed of above adversely to defendant, and as to them repetition would serve no useful purpose. For the one, defendant directs our attention to Finding #24, which reads in part as follows:

> "The defendants had no knowledge previous to the time the suit was brought or at that time that the plaintiff was attempting to recover from them payments which they had withheld from him on the ground that he was a minor at the time of his transactions with the defendants."

We must indulge all reasonable intendments in favor of the judgment and read doubtful findings in support of it, if we reasonably can so do. *Hooper* v. *Levin,* 112 Vt 321, 325, 24 A2d 337; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502. So read, the finding means only that until the process was served on him defendant had no knowledge that plaintiff sought to recover on the ground that he, plaintiff, was a minor. This is no bar to plaintiff's recovery.

But if the court meant the finding to indicate that after defendant received and read the writ and complaint served on him, he still did not know in contemplation of law that plaintiff sought to recover on the ground that he, plaintiff, was a minor, then the finding is in substance a conclusion of law, and not in accordance with the facts as shown by the record, nor with this opinion. As such it is to be disregarded. *Dieter* v. *Scott,* 110 Vt 376, 383, 9 A2d 95; *Trask* v. *Karrick,* 94 Vt 70, 74, 108 A 845.

*Judgment affirmed.*