# Franklin E. Lewis v. A. John Holden, Jr., Commissioner of Education et als

(99 A2d 758)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams amd Chase, JJ.**

Opinion Filed October 6, 1953.

60

*Daniels & Reed* for the petitioner.

*Robert T. Stafford,* Deputy Attorney General, for the Commissioner of Education, petitionee.

*Charles A. Plumley* for petitionees Gallagher and the Northfield Town School Board.

**Cleary, J.** This is a petition for a writ of certiorari to review the action of the commissioner of education, determining the residence for school purposes of the petitioner's nephew, Newell R. Lewis, a minor.

The petition alleges that the minor, now sixteen years of age, heretofore residing with his father in Montpelier, went to reside with and at the home of his uncle, the petitioner, at Northfield, in June of 1952, and entered Northfield High School at the beginning of the fall term. Whereupon the petitioner was informed by the defendant school board and Gallagher, the school superintendent, that, since the petitioner did not have legal control of the minor, the Town of Northfield would not be responsible for his tuition. Subsequently the petitioner and the minor's father, Clayton D. Lewis, signed a written instrument approved by the minor, whereby the parent relinquished all control and agreed that henceforth the petitioner was to have the care, custody and control of the minor. The instrument was then presented to the defendant school

board and superintendent who notified the petitioner that the agreement was not acceptable under the laws to waive tuition on the nephew.   The petitioner then requested the commissioner of education to determine the residence of the minor, pursuant to V. S. 47, §4308.   After hearing, the commissioner determined that the residence of the minor for school purposes is where his father resides in Montpelier.   Hence the present petition to this Court.

The first issue presented is whether the act of the commissioner of education in determining the residence for school purposes of the minor is reviewable by this Court on a writ of certiorari under the circumstances of this case.   V. S. 47, §4308, so far as material here, reads as follows:   "the residence of a pupil is where the person having legal control of him resides and the board of school directors shall determine such residence; but any interested person or tax payer who is dissatisfied with the decision of such board may appeal to the commissioner of education, who shall determine such residence and his decision shall be final;".   There is no method provided by the statute for taking an appeal from the decision of the commissioner of education.

■■ The issuing of the writ of certiorari is largely a matter of discretion.   We hear the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ.   *Davidson* v. *Whitehill*, 87 Vt 499, 502, 89 A 1081; *City of St. Albans* v. *Avery*, 95 Vt 249, 252, 114 A 31; *Chase* v. *Billings*, 106 Vt 149, 152, 153, 170 A 903. The writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law affecting the merits of the case involved in the proceedings below.   *Davidson* v. *Whitehill*, 87 Vt 499, 508, 89 A 1081.

■ The defendants cite *Proctor* v. *Hufnail*, 111 Vt 365, 16 A2d 518 and contend that in making his determination the commissioner of education exercised his discretion and his action cannot be reviewed here.   In the Hufnail case the statute in question involved the exercise of the commissioner's judgment and discretion.   In the present case the commissioner's decision did not rest in his judgment or discretion.

He was called upon to determine the residence of the minor. This involved substantial questions of law affecting the merits of the case, namely, the legal sufficiency of the parent's agreement respecting the minor and interpretation of the words "legal control" as used in the statute in question. In passing upon the appeal in the present case the commissioner acted in a judicial or quasi-judicial capacity. Therefore his act is reviewable here. *Town School Dist. of Maidstone* v. *Dempsey*, 103 Vt 481, 485, 156 A 387.

■ ■ The second issue is whether the agreement of the father placed the legal control of the minor in the petitioner within the meaning of V. S. 47, §4308. However this is decided the petitioner contends that a third issue is the proper interpretation of this statute and says the history of the statute should be considered. Previous to 1927 the statute read: "the residence of a pupil is where the person having control of him resides." The Legislature of 1927 amended it by adding the word "legal" before the word "control" to read as it does now. Acts of 1927 No. 30. The petitioner offers no explanation of the amendment except to suggest that the addition of the word very well may have been made by a draftsman through inadvertence. But we cannot assume that it was placed in the act inadvisedly and without legislative intent that it should be given meaning and force in the application of the law. One of the fundamental rules of statutory construction is that the provision must be considered as a whole, and, if possible, effect given to every word, clause and sentence contained therein. *Proulx* v. *Parrow*, 115 Vt 232, 236, 56 A2d 623.

■ In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the Legislaiure. *State* v. *Legacy*, 116 Vt 320, 322, 75 A2d 668; *State* v. *tstate of Taranovich*, 116 Vt 1, 5, 68 A2d 796; *Troy Conference Academy* v. *Town of Poultney*, 115 Vt 480, 489, 66 A2d 2. The Legislative intent must be ascertained from the act itself, if the language is plain. *Doubleday* v. *Town of Stockbridge*, 109 Vt 167, 172, 194 A 462. The ordinary meaning of the language must be presumed to be intended, unless it would

manifestly defeat the object of the statutory provision. *Snyder* v. *Central Vt. Ry.*, 112 Vt 190, 193, 22 A2d 181. Where the meaning of a statute is plain, courts have the duty to enforce it according to its obvious terms, and there is no necessity for construction. *Blanchard* v. *Blanchard's Estate*, 109 Vt 454, 459, 199 A 233; *State* v. *Stevens*, 116 Vt 394, 397, 77 A2d 884.

"Legal" may mean "lawful", *Kinsley* v. *Herald & Globe Assn.*, 113 Vt 272, 275, 34 A2d 99, 148 ALR 1164; it means "done according to law," Wharton's Law Lexicon; "according to law", Bouvier's Law Dictionary; Black's Law Dictionary [2d Ed p 708]. Black also defines "legal" as "conforming to law; required or permitted by law; good and effectual in law." In the case of *In Re Folwell's Estate*, 68 NJ Eq 728, 62 A 414, 415, 2 LRANS 1193, it is defined as "according to the principles of law; according to the method prescribed by statute; by means of judicial proceedings." We think the plain meaning of the word as used in the statute in question here is lawful control, that is, control according to law. See also *Deering* v. *Tucker*, 55 Me 284 and *Walton* v. *State*, 145 Tex Cr R, 521, 170 SW2d 224, to the same effect. Using that definition the petitioner did not have such control that his residence was the residence of the minor for school purposes. He was neither parent, foster parent nor guardian, and the minor was not apprenticed to him.

The petitioner devotes considerable space to the argument that the written instrument in question is valid and says the test to be applied is whether the agreement is favorable or unfavorable to the interests of the infant, citing *In re Cooke*, 114 Vt 177, 183, 41 A2d 177. There the Court was considering the custody of an infant after divorce of the parents and that case does not apply here. It is unnecessary for us to decide whether the written instrument is valid between the parties to it or what test should be applied where only they are concerned. Here public interests and rights are involved and when these conflict with those of an individual, the latter must yield.

The petitioner contends that whether a person has "legal control" of a child, for school purposes and within the meaning

of V. S. 47, §4308 should depend upon two things: first, that the change in residence by the minor be permanent and not for educational purposes only, and second, that after the change in residence the child be under the complete care, control and custody of the person with whom the minor has taken up residence. The Legislature in the statute has prescribed otherwise; not that legal control shall depend on the residence of the minor but that the residence of the minor for school purposes shall depend on the residence of the person having legal control of the pupil.

The petitioner admits that one is entitled to no consideration where a child has been placed in some other town merely for the purpose of attending school in such town. The effect is the same where the change of legal control was made merely for that purpose. The instrument of transfer was not made until after the superintendent of schools had notified the petitioner that the Town of Northfield would not be responsible for the minor's tuition because the petitioner did not have legal control of the minor. The petitioner does not question that the decision of the school board in the first instance was proper or that the legal control of the minor at that time was in his parent. Petitioner's counsel admitted in oral argument that the so-called "Indenture" was made to meet the refusal of the school board to allow the minor to attend school tuition free. Under such circumstances it was not binding upon the defendants in determining the residence of the minor for school purposes. *School District* v. *Bragdon*, 23 NH 507; *Wheeler* v. *Burrow*, 18 Ind 14. It was void as being against public policy because it was injurious to the interests of the public and contravened an established interest of society. *State* v. *Barnett*, 110 Vt 221, 232, 3 A2d 521.

The long established and declared policy of our State is to grant free tuition to pupils attending our public schools, but to enjoy this privilege the pupil must attend school in the district where the person having legal control of the pupil resides. Determination of such residence has been conferred, not upon the child's parent, but upon the local school board and, on appeal, upon the commissioner of education, whose decision is final. Otherwise, any parent or guardian could turn over

control of a child, for whatever reason, to whomsoever he saw fit, and pupils could attend any public school in the state that their parent or guardian desired or preferred. Such a situation could disrupt our entire school system. The consequence would be absurd.

■ ■ The petitioner relies on *Cline* v. *Knight*, 111 Colo 8, 137 P2d 680, 146 ALR 1281, and *School Dist.* v. *Powell*, 145 Ky 93, 140 SW 67, 36 LRANS 341, Ann Cas 1913B 1016. No statute was involved in the Powell case. In the Cline case the majority of the court held that the district where a child made her home with an aunt was her residence for school purposes rather than the district of her father's residence even though the statute declared: "the residence of an unmarried person of school age shall in all cases, be held to be identical with the bona fide residence of the parent or guardian of such person." The petitioner earnestly commends that decision and asks us to adopt a liberal interpretation of the statute. We cannot approve of the majority decision in that case. It is the duty of the Courts to enforce a statute according to its terms, if the meaning is plain. *State* v. *Stevens*, 116 Vt 394, 397, 77 A2d 844; *Blanchard* v. *Blanchard's Estate*, 109 Vt 454, 459, 199 A 233. It is never permissible to substitute legislative for judicial functions. *Gillespie* v. *Vt. Hosiery & Machinery Co.*, 109 Vt 409, 413, 119 A 564. The petitioner's argument is proper for consideration by the Legislature but the interpretation asked for cannot be assumed by us. *Blanchard* v. *Blanchard's Estate*, 109 Vt 454, 459, 199 A 564; *State* v. *Franklin Co. Savings Bank & Trust Co.*, 74 Vt 246, 263, 52 A 1069.

*Petition dismissed.*