## In re: Taconic Racing and Breeding Association, Inc.

[ 209 A.2d 492 ]

February Term, 1965

Present: **Holden C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*Black & Plante* for petitioner.

*A. Pearley Feen* for petitionee.

*John Connarn,* Attorney General, for the State.

**Shangraw, J.** The town of Pownal listed the real property of the Taconic Racing and Breeding Association, Inc., in its grand list at a

tax base figure of $700,000. This represented 12½% of the actual value placed on the property by the listers. The racing association went before the local board of civil authority for relief, and, failing there, asked for a review by a county board of tax appraisers, by filing an appropriate notice with the commissioner of taxes, in accordance with 32 V.S.A. §4441. The county board accepted the $700,000.00 figure originally fixed by the listers.

Up to this point all procedures required had been fully prescribed by the pertinent statutes, and those procedures had been followed by the racing association. Since no appeal as of right beyond this point was provided for, the racing association has asked for a review of the matter in this Court by a writ of certiorari. Pownal met this petition with a motion to quash.

The petition complains that the county board failed to comply with the statutory requirements, and asks that the matter be resubmitted to the board with directions to carry out their duties. The motion to quash claims that the petition is being used as a device to review the correctness of the appraisal and other questions of fact, although the board's decisions on these factual issues are not reviewable. The racing association insists that there is no factual issue being brought here for review, but maintains that all it seeks is to have the county board fulfill its statutory responsibilities.

32 V.S.A. §4446 directs that the commissioner of taxes refer such appeals to a county board of appraisers with directions touching the questions to be decided by the board. 32 V.S.A. §4449 provides for hearing by the board and requires them to consider all questions submitted in writing by the appeal, and to examine all real and tangible personal property described in the appeal. Under 32 V.S.A. §4450 the board may raise or lower an appraisal, and is required to determine the questions submitted and make a written report to the commissioner of taxes.

It is well settled that the issuing of a writ of certiorari is largely a matter of discretion. The practice in this state is to hear the merits of the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ. *Davidson* v. *Whitehill,* 87 Vt. 499, 502, 89 Atl. 1081; *City of St. Albans* v. *Avery,* 95 Vt. 249, 252, 114 Atl. 31, *Chase* v. *Billings,* 106 Vt. 149, 152, 153, 170 Atl. 903.

The writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law af-

fecting the merits of the case involved in the proceedings below. *Davidson* v. *Whitehill,* supra, 508, *Lewis* v. *Holden,* 118 Vt. 59, 61, 99 A.2d 758; *Burton* v. *Selectmen, Town of Springfield,* 124 Vt. 208 A.2d 318.

The petition attacks the proceedings before the county board of appraisers in three particulars: first, that the board reported that the listers' valuation was "nearly correct."; second, that the board described the valuation of the listers as "fair", and third, that the board stated that its review included real and personal property, although the listers' appraisal was, by its terms, confined to real property.

As to points one and two, although the language is unfortunately imprecise, enough appears to demonstrate that the board found the valuation of the listers such an accurate reflection of the value of the taxable assets of the racing association that that basis should be retained as the tax listing. Considering the somewhat unusual character of the property involved it can hardly be expected that its value could be ascertained with mathematical certainty.

Point three is addressed to the board's reference to the property appraised as real and personal property. Notwithstanding its reference to personal property this leads us to the record in determining what property was actually appraised by the board of appraisers, regardless of its characterization.

In referring to the property considered and appraised by the listers, board of civil authority, and finally by the Bennington County Appeal Board, in each instance we find the following description.

"128 acres of land, race track, grandstand, stable buildings, restaurant building and equipment."

Only parcels of land, grandstand and buildings are described in the 1963 and 1964 grand list of Pownal, Vermont, as the property owned by petitioner. No personal property is listed.

In the findings of fact and opinion of the board of appraisers we find the following detailed description and location of the property appraised by this board.

"The property of appellant consists of 128 acres of land fronting in part on U. S. Route No. 7.

The land is improved and erected thereon is a grandstand, a racing track, stable buildings, plus other structures and buildings."

It is to be noted that in the foregoing description of the property

actually appraised by the board no reference is made to any personal property.

The findings of fact conclude with this statement. "This board considers that the value of this property, both real and personal, after allowing depreciation, is very nearly the sum of $5,600,000.00, the indicated appraisal value set by the Board of Listers. It considers this indicated appraised value of $5,600,000.00 to be fair and therefore the assessed valuation is unchanged and remains at $700,000.00."

The record reveals that on appeal to the board of civil authority this board accepted the value and listing of the listers of the town, with the comments that they had "visited the premises and made a complete tour of the buildings and grounds owned by the Taconic Racing and Breeding Association, Inc.," and "that the Listers have been very lenient with assessing of this property . . . ." Again, there is no reference to personal property.

Petitioner's notice of appeal to the commissioner of taxes from the action taken by the board of civil authority refers to the appraisal of real property, and describes the same in this language:

"Said real estate is briefly described as being about 116 acres of land in the town of Pownal owned and occupied by Taconic Racing and Breeding Association, Inc. and including a certain grandstand and other buildings thereon."

This notice of appeal to the commissioner further states: "The grounds upon which the Appeal is based is that the said real estate herein referred to has been given a market value far in excess of its true market value and, consequently, the listed valuation is excessive."

The obvious objection to the findings of fact of the appraisers is merely their choice of words, in having improperly classified the property appraised as real and personal property — while in fact it was real estate.

By this proceeding the petitioner seeks to have a rehearing of what appears from the record to be a valid performance by the board of appraisers of its duties. To arrive at this requested result petitioner resorts to the ill-advised use of the word "personal" by the appraisers. The record unequivocally establishes that no personal property was included in the appraisal. Petitioner admits that it owned no personal property at the time the appraisal was made by the listers, nor is any claim made that it has since acquired any. The grand list for the years 1963 and 1964 fails to disclose the existence of any personal property set to petitioner for taxation purposes. It does not claim that personal

property not owned by it was included in the appraisal. No claim is made that the description of property appraised is incorrect. Petitioner has not pointed out how or why it has been prejudiced by the use of the mistaken classification of property in question.

The petitioner has had its day in court on three separate occasions: before the listers, the board of civil authority, and finally before the county board of appraisers. The property described and appraised in each instance has been the same. The appraised value has remained unchanged. A patent error in classification did not change the subject matter involved. There can be no question as to the actual property appraised by each tribunal, regardless of its characterization or classification. This is clearly demonstrated by the record. A finding which is not in accordance with the facts as shown by the record may be disregarded. *Russell* v. *Barre Plywood Co.,* 116 Vt. 40, 48, 68 A. 2d 691.

It must be obvious that the granting of the writ, and a recommital to the board of appraisers, at most would only result in the correction of an erroneous classification of the property appraised. This would serve no useful purpose. The law does not require the performance of a useless act. Such a writ is granted only when a substantial question of law is presented. See, 14 Am. Jur. 2d Certiorari, §8, page 784. While the issuance of such a writ is largely a matter of discretion, here there is no firm basis for such action.

*Petition dismissed.*

**Barney, J.** (dissenting) It would seem to me to be wiser and more justifiable to issue the writ to require the Bennington County Board of Appraisers to exactly resolve the admitted inconsistency in their report, rather than by denial to assume it amounts to a mere inadvertence or inconsequential variation, even though the assumption may very likely happen to accord with the actual facts were they all before us.

Although the majority are unpersuaded by this argument, I note it briefly here as a dissent in order to establish its consideration by the Court.