STATE OF MAINE
*vs.*
CITY OF WESTBROOK

Cumberland.    Opinion, December 23, 1960.

*Arthur Chapman, Jr.,*
*Peter Kyros,*
*Jacob Agger,* for State.

*James E. Gagan,* for City of Westbrook.

*Barnett I. Shur, Amicus Curiae.*

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.    This case is reported to the Law Court by agreement of the parties.

The respondent city is charged with having paid an employed member of its fire department a wage less than one dollar per hour in violation of R. S., c. 30, §§ 132 - A - 132-J, additional (P. L., 1959, Chapter 362).   To such complaint against it the respondent has demurred and thereby pre-

sents the issue whether that fireman has been excepted from inclusion within the provisions of the Minimum Wage Law cited *supra* in as much as:

> " - - - a demurrer admits all such matters of fact as are sufficiently pleaded."
>
> *State* v. *Peck,* 60 Me. 498, 501.

The respondent is a body corporate whose members are its residents. R. S., c. 90-A, § 2 (P. L., 1957, c. 405, § 1).

This court in an advisory opinion quoted with approbation in *Chase, Adm.* v. *Litchfield,* 134 Me. 122, 127, has said:

> " - - - Extensive powers are conferred on these corporations, — but they are public corporations for public purposes - - - "
>
> *Opinion of the Justices,* 58 Me. 590, 596.

In *Home* v. *Presque Isle Water Co.,* 104 Me. 217, 225, it is stated:

> "It is only necessary to be reminded here that the inhabitants of the several cities and towns in this State are not voluntary associations or business corporations, but political agencies created for the more effectual discharge of certain duties of political government, and that the powers and liabilities of these agencies are only such as are conferred and created by the legislature."

In *Eames* v. *Savage,* 77 Me. 212, 218, we find:

> " - - - Towns, however, are not full corporations. They have no capital stock, and no shares. They are only quasi corporations, — created solely for political and municipal purposes, and given a quasi corporate character for convenience only - - - "

The Minimum Wage Law, R. S., c. 30, § 132-A, announces:

> "It is the declared public policy of the State of Maine that workers employed in any *occupation* should receive wages sufficient to provide adequate maintenance," etc. (Italics supplied.)

R. S., c. 30, § 132-B, specifies as follows:

**Definitions.** Terms used in sections 132-A to 132-J shall be construed as follows, unless a different meaning is clearly apparent from the language or context:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

"**IV.** 'Occupation,' *an industry, trade or business or branch thereof or class of work therein* in which workers are gainfully employed." (Italics supplied.)

The conclusion is compelling that the Legislature withheld members of municipal fire departments from the purview of the Minimum Wage Law.

*Demurrer sustained.*