James **MATHESON** et al.

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

March 17, 1972.

William B. Troubh, Gerald F. Petruc-celli, Portland, for plaintiff.

Robert W. Donovan, Legal Department, City of Portland, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

POMEROY, Justice.

The plaintiffs are present and former policemen employed by the City of Portland.

The defendant is the City of Portland.

The action is premised on the claim that as policemen employed by the City of Portland they are entitled to the benefits provided by 26 M.R.S.A. § 661 et seq. (Minimum Wage Law). Especially they say that since May 1, 1966, all have worked in excess of 48 hours in one or more weeks as detailed in the schedule which they attach to and make a part of the complaint.

During this period, the complaint says, plaintiffs have been paid only the normal weekly rate for the hours in excess of 48 in any given week instead of 1 and ½ times the usual rate for hours in excess of 48.

The plaintiffs seek the remedy provided by Sec. 670 of the Act, i. e., the amount of unpaid wages and an additional amount equal to such wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

Filing of the complaint was seasonably followed by defendant's motion to dismiss the action because the complaint fails to state a claim against it upon which relief can be granted.

After hearing, the Presiding Justice issued the succinct order:

"Judgment for the defendant. State v. Westbrook, 156 Me. 542, 167 A.2d 242 is controlling."

This appeal followed.

*Westbrook* was a criminal case in which the City of Westbrook was charged with having paid a member of its fire department a wage less than the minimum provided by the statute. 26 M.R.S.A. § 661 et seq.

This statute was extensively amended in 1965, again in 1967 and in 1971.

The Court in Westbrook looked to the provisions of Sec. 661 of the Act (Declaration of policy) which then read and now reads,

"It is the declared public policy of the State of Maine that workers employed in any *occupation* should receive wages sufficient to provide adequate maintenance and to protect their health and to be fairly commensurate with the value of the services rendered." (Emphasis supplied)

The Court then turned to the definition of *"occupation"* which now is found in Sec. 663, sub. 4. An occupation, it is there said, is:

"an industry, trade or business or branch thereof or class of work therein in which workers are gainfully employed"

The Court's decision then became:

"The conclusion is compelling that the Legislature withheld members of municipal fire departments from the purview of the Minimum Wage Law."

156 Me. 542, 543, 167 A.2d 242, 243 (1960)

In 1965, Sec. 663 of the Act was amended by the addition of subsection 7 to provide as follows:

"7. *Minimum wage for firemen.* Members of municipal fire fighting departments, other than volunteer or call-departments, who are paid salaries or regular wages, are deemed to be employees within the meaning of this section and are covered by this subchapter. However, $1\frac{1}{2}$ times the hourly rate shall not be paid for all work done over 48 hours under this subsection."

In 1967 the Section was further amended by inserting the following sentence:

"Firemen's wages may be paid by the municipality based upon the average number of hours worked during any one work cycle which is not to exceed 12 weeks in duration."

The plaintiffs' attack on the decision of the Justice of the Superior Court is two-pronged:

(a) *State v. Westbrook* was incorrectly decided and ought be overruled, and

(b) The addition of subsection 7, specifically covering minimum wages for firemen, operated as a repudiation of the holding in *State v. Westbrook* by the Legislature.

The plaintiffs argue that the key word in the Act is *"employee"* and that the Legislature by specifically enumerating those employees who were not covered by the Act intended to include all employees not specifically excluded, i. e., policemen are intended to be covered by the Act because they are not specifically excluded.

We do not agree.

We think, as did the Court in *Westbrook,* that when the Act is read as a whole, including the Declaration of policy, it is clear the Legislature intended only to make provision for employees in an *"occupation"* as that term is defined in the Act.

In other words, the Legislature made it clear that the statute was designed to assure that workers employed in *indus-*

*try* or *a trade* or *a business,* or a *branch thereof,* should receive wages sufficient to provide adequate maintenance and to protect their health.

The problem of the special category of employees, i. e., public employees (except the limited provision relating to firemen inserted in the Act by the 1965 amendment), was intended by the Legislature to be left for coverage by separate legislation, if at all.

 As to the second point the plaintiffs make, we answer by saying that as a general rule unless the contrary clearly appears, a material change of a statute by amendment thereof evidences a purpose and intent to change the effect of the existing law, not to repudiate the Court's interpretation of existing law. In re Bangor & Aroostook Railroad Co., 159 Me. 86, 188 A.2d 485, 489 (1963).

Much of the plaintiffs' argument is addressed to the reasons policemen ought be afforded higher wage standards and improved working conditions.

While we do not disagree with these arguments, we think they ought to be addressed to the Legislative Branch of the Government where the policy in this regard has to be formulated, and not to this Court.

We are limited by constitutionally mandated assignment of areas of responsibility, to determine in this case whether or not the Legislature has, in fact, addressed itself to part of the problems of policemen's wages in the Minimum Wage Law.

We think it is clear the Minimum Wage Law was intended to apply and does apply only to those employees gainfully employed in an industry, trade or business and (except for limited provision relating to minimum wages for firemen and the method of computing hours worked by them during the week), the Act does not include within its purview, persons employed by municipalities or other political bodies.

We find policemen's wages are not covered by Maine's Minimum Wage Law.

The entry must be,

Appeal denied.

All Justices concurring.