## Rock of Ages Corporation v. Commissioner of Taxes

[360 A.2d 63]

No. 203-75

Present: Smith, Daley, Larrow, and Billings, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 1, 1975

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General and *Georgiana O. Miranda* and *Richard Johnston King,* Assistant Attorneys General, Montpelier, for Defendant.

**Smith, J.** On November 22, 1972, the Vermont Department of Taxes issued an assessment of additional sales/use tax against appellee Rock of Ages, a Vermont corporation located in Barre, Vermont. The appellee taxpayer is engaged in the business of the operation of granite quarries and the selling of stone that is quarried there. The additional assessment covered the period from June, 1969, through September, 1972, and was levied on the liquid oxygen, drilling rods and bits, and explosives consumed by the appellee in its quarry operations. The assessment included interest and penalty charges, and amounted to $21,355.07.

Appellee, pursuant to 32 V.S.A. § 9777, filed its appeal from this assessment to the Commissioner of Taxes on the ground that the items taxed were consumed in such a fashion as to be exempt from the tax under 32 V.S.A. § 9741(a)(14). A hearing was held before the commissioner on March 19, 1974. On April 23, 1974, the commissioner tendered his determination finding that the appellee's use of the taxed materials was not encompassed by the term "manufacture" within the meaning of § 9741(a)(14) and therefore affirmed the department's assessment, but reduced the penalties and interest, lowering the amount due by $2,673.65.

Rock of Ages appealed the commissioner's ruling to Washington Superior Court. The matter came up for hearing before the court on April 30, 1975. By its findings of fact, conclusions of law and order dated June 27, 1975, the superior court held that appellee's consumption of the goods in question did form a part of the manufacturing process and was to be included in the language of 32 V.S.A. § 9741(a)(14). In accordance with its conclusion, the court reversed the decision of the commissioner and vacated the additional tax assessment. The commissioner has filed his appeal from the judgment below arguing that it was "contrary to the spirit and letter of § 9741(a) (14)". For the reasons stated in this opinion, we agree with the commissioner and reverse the decision of the superior court.

The sole question presented for our review is whether Rock of Ages, by removing blocks of stone from its quarries via a drilling and blasting process, may be said to "manufacture" those blocks for purposes of § 9741(a)(14). In resolving this dispute, it is necessary to include a brief description of the

process involved. The initial operation of appellee in its quarrying is to free large blocks of stone from the rock in appropriate sizes and shapes. To do this, drills and bits are used to make fault lines in the stone to outline the cutting path to be followed. The actual cutting is done by a process which unites oxygen and fuel oil to form a torch that severs the stone. The severed mass is then removed from its resting place by explosives. Appellee contends, and the superior court so found, that the consumables employed in the above manner are exempt from the sales/use tax under the following language of 32 V.S.A. § 9741(a)(14):

> Tangible personal property which becomes an ingredient or component part of, or is consumed or destroyed or loses its identity in the manufacture of tangible personal property for later sale. . . .

The crucial word here is, of course, "manufacture". Nowhere in Chapter 233 of Title 32 is the term defined, therefore we are required to endow it with a meaning that comports with the legislative intent as expressed in the legislation involved. *Camp* v. *State Dept. of Motor Vehicles*, 131 Vt. 536, 310 A.2d 35 (1973). As we noted in *McClure Newspapers, Inc.* v. *Vermont Dept. of Taxes*, 132 Vt. 169, 315 A.2d 452 (1974), the case law from other jurisdictions is of little help in this process since they are concerned with the particular state exemption statute and its application to the specific facts involved. However, it appears clear that other courts that have dealt with the issue have generally regarded "manufacture" as a process of transforming and fashioning raw materials into an altered form for use. *Industrial Fibre Co.* v. *State*, 31 Ohio App. 347, 166 N.E. 418 (1928); see also *Words and Phrases*, Vol. 26 "Manufacture". In this regard it seems that although the cutting did change the form of the rock, the change was such only so far as its severance from the quarry is concerned and in no sense can be regarded as part of the manufacture of tangible personal property as was found by the court below. There is no alteration in the raw substance, and, at best, these operations are preliminary only and as such are not steps in "manufacture" as contemplated by § 9741(a) (14). *Linwood Stone Products Co.* v. *Dept. of Revenue*, 175 N.W.2d 393 (Iowa 1970). Clearly, in light of the statute and

the facts, the superior court's second finding of fact does not support the judgment entered below.

That our conclusion is not contrary to the intent of the Legislature when it enacted Title 32 V.S.A. § 9741 is evidenced by the fact that since then the General Assembly has seen fit to amend, effective as of July 1, 1974, the section so as to include the "extraction of mineral deposits" as "manufacture". Public Act No. 270, *Laws of Vermont*, Adjourned Session 1973. Obviously, by this act, the Legislature meant to bring about a change in the coverage of the exemption so as to sweep in operations like those now in question. Generally, material changes in statutes by amendment evidence an intent to change the effect of existing law. *Matheson* v. *City of Portland*, 288 A.2d 476 (Me. 1972); *In re Bangor & Aroostook R.R.*, 159 Me. 86, 188 A.2d 485 (1963). Furthermore, it is our settled practice that exemptions from taxation are to be strictly construed and no claim of exemption will be allowed unless shown to be within the necessary scope of the statute. *English Language Center, Inc.* v. *Town of Wallingford*, 132 Vt. 327, 318 A.2d 180 (1974).

*The judgment of the Washington Superior Court is reversed and vacated, and the determination of the Commissioner of Taxes is reinstated.*