## Standard Register Company v. Commissioner of Taxes

[376 A.2d 41]

No. 334-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 7, 1977

*Leslie C. Pratt* of *Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard J. King,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** Standard Register Company appealed to the Washington Superior Court from a deficiency assessment by the Commissioner of Taxes under 32 V.S.A. § 9773. That assessment, of additional sales and use tax for a period from November 1970 through October 1973, totalled, with interest, $9,605.37. Of that total $8,317.30 represents a compensating use tax on packaging materials purchased by Standard outside the state, and used by it to package business forms fabricated and sold by it to various customers, who by stipulation consume the forms in the course of their business. This compensating use tax is the subject matter of the controversy. The superior court reversed the holding of the Commissioner, reasoning that (1) under 32 V.S.A. § 9741(a)(16), as then in effect, the items in question were not subject to use tax regardless of whether the items they were used to package were to be used or resold by Standard's customers; (2) that the packaging materials are, in effect, "resold" to Standard's customers; and (3) that basing the tax on actions taken by Standard's customers places an undue burden on the taxpayer, since some may use or consume them, while others may "resell" them to parent, sister or subsidiary companies. We disagree with this reasoning *in toto,* and accordingly reverse.

The third reason advanced by the trial court may be disposed of quickly. It goes beyond the facts as stipulated and found. Finding No. 1, which substantially follows the stipulation of the parties, is that the forms manufactured by Standard at its Middlebury plant "are sold to customers who use them in the operation of their own businesses." The court's conclusion that some customers may "resell" them has no support in the record.

The other two reasons relied on by the trial court present a question of statutory construction, with the primary objective of giving effect to the intention of the Legislature. *Rock of Ages*

*Corporation* v. *Commissioner of Taxes*, 134 Vt. 356, 360 A.2d 63 (1975). The plain, ordinary meaning of language is presumed to be intended. *Camp* v. *Department of Motor Vehicles*, 131 Vt. 536, 310 A.2d 35 (1973). Exemptions from taxation are strictly construed, with none being allowed unless shown to be within the necessary scope of the statute. *Rock of Ages Corporation, supra*, 134 Vt. at 359.

■■ 32 V.S.A. § 9773 imposes a compensating use tax on tangible personal property purchased at retail, not subject to the sales tax and not otherwise exempted. The sale of the packaging materials to Standard is a sale because it is a "transfer of title or possession" under 32 V.S.A. § 9701(6). It is a sale at retail under 32 V.S.A. § 9701(5) because it is a "sale of tangible personal property to any person for any purpose, other than for resale (except resale as a casual sale)." From the foregoing, the legislative purpose is quite clear. Retail sales within the state are the general subject of the sales tax, unless specifically exempted. And sales from outside the state, at retail, to persons within the state for use in the state, as distinguished from resale, are the subject of the compensating use tax, unless specifically exempted.

The specific exemption upon which Standard relies, as it then read, was found in 32 V.S.A. § 9741(a)(16). Exempt from the use tax are receipts from:

> (16) Materials, containers, labels, sacks, cans, boxes, drums or bags and other packing, packaging, or shipping materials for use in packing, packaging or shipping tangible personal property *for resale*. (Emphasis supplied.)

On the facts before the trial court, the business forms manufactured by Standard are sold only once, and, therefore, are never resold. The exemption does not apply, because the materials, although used to package and ship the business forms, are not used to package or ship them for resale. They are used and not resold within the plain meaning of the statute and the plain meaning of the stipulated facts.

Appellee draws our attention to two other arguments, the law in other jurisdictions, and a subsequent legislative change here in the exemption under examination. As we noted in *McClure Newspapers, Inc.* v. *Department of Taxes*, 132 Vt. 169, 315 A.2d

452 (1974), case law from other jurisdictions is of little help because it rests upon particular exemption statutes and their specific wording.

■ A result contrary to the one we have here reached is, however, dictated by a 1973 amendment of the exemption in question, as to sales after- its effective date. Effective July 1, 1974, No. 270 of the Acts of 1973 (Adj. Sess.) added the words "by a manufacturer or distributor." As to sales after that date, it is now clear that materials sold to a manufacturer and used for shipping his product are exempt from tax, as fully as materials sold him for incorporation into the product itself. The desirability of this tax policy is not for our determination. We can only conclude, as we did in *Rock of Ages:*

> Obviously, by this act, the Legislature meant to bring about a change in the coverage of the exemption so as to sweep in operations like those now in question. Generally, material changes in statutes by amendment evidence an intent to change the effect of existing law. [*Rock of Ages Corporation* v. *Commissioner of Taxes, supra,* 134 Vt. at 359.]

The appellee has obtained the result it desires through legislative action, but we are not persuaded that the action in question simply reflects and confirms prior intent. As in *Rock of Ages*, we think it indicates a realization that the new policy, to be effectuated, required a statutory change.

*The judgment of the Washington Superior Court is vacated. The January 15, 1974, assessment of the Commissioner of Taxes is reinstated. To be certified to the Washington Superior Court and to the Commissioner of Taxes.*