# In re Middlebury College Sales and Use Tax

[400 A.2d 965]

No. 144-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

Motion for Reargument Denied As Not Being Timely Filed, V.R.A.P. 40, February 22, 1979

Motion for Reconsideration of Order Denying Appellant's Motion To Reargue, for Suspension for the Requirements of V.R.A.P. 40 or for Enlargement of Time Denied March 22, 1979

*Dinse, Allen & Erdmann*, Burlington, for Plaintiff.

*Richard Johnston King*, General Counsel, Department of Taxes, Montpelier, for Defendant.

**Billings, J.** Middlebury College appeals from an order of the Addison Superior Court affirming an assessment of sales and use tax by the Vermont Department of Taxes. The tax is based upon Middlebury College's use of equipment and supplies purchased outside the state in connection with its operation of the Middlebury Snow Bowl and a golf course, both in Vermont. The college has at all times claimed an exemption from the operation of this tax.

The Snow Bowl, located in Hancock, Vermont, is used extensively by Middlebury College for various school purposes. Students learn to ski and practice on the area's downhill slopes, cross-country trails, and ski jumps as part of the school's physical education program. In order to graduate, Middlebury College students are required to demonstrate proficiency at several so-called "lifetime sports," of which skiing can be one. The area is used for intercollegiate competitions and for training by Middlebury college students and students from other schools and colleges. The area is also used for general recreation by students from Middlebury College and elsewhere.

This controversy arises primarily because the ski area is open to the public. Any individual may purchase a lift ticket at a rate comparable to that charged by similar facilities elsewhere. Students using the area for recreation, whether Middlebury College students or not, must also purchase tickets to use the ski lifts, but are eligible for reduced rates. Middlebury College students use the facilities free of charge while competing, training, or receiving instruction. Although paying customers may be excluded from specific areas at certain times because of a competition, the Snow Bowl is open to the public every day during the ski season except Christmas Day, when the Snow Bowl closes down entirely.

The golf course is located next to the college's campus in Middlebury. Its operation is similar to that of the Snow Bowl. The school uses the area for various purposes, including the "lifetime sport" program and the general recreation of its students. The golf course is open to any person upon payment of a greens fee. Middlebury College students receiving instruction have the privilege of playing through. Middlebury College does not attempt to make a profit on the operation of either facility.

Vermont imposes a sales tax on certain transactions within the state. 32 V.S.A. § 9771. In order to avoid bestowing a tax advantage on out-of-state suppliers and to preclude avoidance of the

sales tax, Vermont imposes a compensating use tax, 32 V.S.A. § 9773. This latter tax reaches, among other things, all tangible personal property purchased at retail for use within the state and not subject to the sales tax, and clearly covers the supplies and equipment purchased by Middlebury College from out-of-state sources for use in connection with its sports facilities in Vermont. The taxes here in issue cover a period from September of 1972 through June of 1975.

Middlebury claims an exemption from the operation of the use tax under 32 V.S.A. § 9743, which reads in part:

> Any . . . use by any of the following [is] not subject to the . . . use [tax] imposed under this chapter: . . .
>
> (3) Organizations which qualify for exempt status under the provisions of section 501(c)(3) of the United States Internal Revenue Code, as the same may be amended or redesignated, excepting . . . use in activities which are mainly commercial enterprises; provided, however, (A) that the organization first shall have obtained a certificate from the commissioner stating that it is entitled to the exemption, (B) that the . . . use is for the exempt purpose of such organization, and (C) that the vendor keeps a record of the sales price of each such separate sale, the name of the purchaser, the date of each separate sale and the number of the certificate.

The statute was amended in 1974, but none of the differences between this and the previous version are relevant here. Middlebury College has at all relevant times been a qualifying organization, and compliance with the requirements of clauses (A) through (C) above is not challenged. The sole issue on this appeal is whether Middlebury College's operation of the Snow Bowl and golf course are "activities which are mainly commercial enterprises."

Much of the use made of the Snow Bowl clearly is noncommercial activity. If the area was used exclusively by Middlebury College students for instruction and practice in the physical education program and by Middlebury College and other students for training and competition, no commercial activity would exist. The use of the Snow Bowl by the public at a charge roughly equivalent to that made by similar facilities constitutes commercial activity, regardless of Middlebury College's lack of profit motive. In order to make the Snow Bowl operation a mainly

commercial enterprise, the use by the public and those not a part of Middlebury College's programs must predominate.

In construing the statute, the plain, ordinary meaning of language is presumed to be intended, *Standard Register Co.* v. *Commissioner of Taxes*, 135 Vt. 271, 273, 376 A.2d 41 (1977). When the meaning is plain, the courts must enforce the statute according to its terms. *Medlar* v. *Aetna Insurance Co.*, 127 Vt. 337, 342, 248 A.2d 740 (1968). "Mainly" means principally or chiefly. Webster's International Dictionary (2d ed. unabridged 1955).

The trial court found that "most skiers at the Snow Bowl are students, including student instructors and student skipatrolmen," but the finding is insufficient to support exemption. Selling tickets to students from high schools and other colleges for recreational use of the Snow Bowl would constitute commercial activity, whereas use by Middlebury College students and use by other students for training and competition would not. Selling tickets to the general public would plainly be commercial activity. Not only is the record innocent of findings on the proportion that Middlebury College related activity bears to the total use of the Snow Bowl, but there are no findings whatsoever on the utilization of the golf course.

Exemptions from taxation are to be strictly construed, and no claim of exemption will be allowed unless shown to be within the necessary scope of the statute. *Standard Register Co.* v. *Commissioner of Taxes, supra*, 135 Vt. at 273, 376 A.2d at 42. The burden is on the taxpayer to establish a record to support a claimed exemption. *University of Vermont* v. *Town of Essex*, 129 Vt. 607, 614, 285 A.2d 728, 732 (1971). Absent from the record are findings on the allocation of the use of the Snow Bowl and golf course between commercial and noncommercial activity. Our review of the record discloses insufficient evidence to support a determination that the operation of either facility was mainly noncommercial. The taxpayer has failed to meet his burden and is not entitled to the claimed exemption.

*Affirmed.*