## Wetterau, Inc. v. Department of Taxes

[449 A.2d 896]

No. 430-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

326

*Gravel, Shea & Wright, Ltd.,* Burlington, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *Paul P. Hanlon,* Deputy Commissioner and General Counsel, Montpelier, for Defendant-Appellee.

Peck, J. Wetterau, Inc., appeals from the decision of the Washington Superior Court affirming a sales and use tax deficiency assessment lodged against Wetterau by the appellee Department of Taxes, and upheld by the Commissioner of Taxes. The assessment in dispute was made on receipts from the sale of wrapping and packaging supplies, including paper bags, by Wetterau to retail grocers in Vermont. A portion of the assessed taxes has been paid, leaving $11,155.32, plus interest, at issue.

I.

Wetterau first argues that the superior court erred in concluding that the sale of packaging materials by it to retail grocery stores for use in packaging and bagging grocery items is a sale "at retail" within the meaning of the taxing statutes.

32 V.S.A. § 9771(1) imposes a three percent tax on receipts from the "sale of tangible personal property sold at retail in this state." "Sold at retail" is defined as "the sale of tangible personal property to any person for any purpose, *other than for resale* (except resale as a casual sale)." 32 V.S.A. § 9701(5) (emphasis supplied). The remaining provision pertinent here, 32 V.S.A. § 9701(6), defines "sale" as "any transfer of title or possession or both . . . in any manner or by any means whatsoever for a consideration." Thus the issue presented for decision is whether Wetterau's sales to retail grocers should be considered sales for subsequent resale thereby disallowing the imposition of the sales tax.

The appellee asserts that as a matter of stare decisis this issue is controlled by our decision in *Standard Register Co.* v. *Commissioner of Taxes,* 135 Vt. 271, 376 A.2d 41 (1977). There we concluded that the sale of packaging materials to Standard, used by it to package business forms fabricated and sold by it to various customers, constituted a sale at retail under 32 V.S.A. § 9701(5). No importance was attributed to the fact that Standard, like the retail grocers in the instant

case, acquired the packaging materials so that it could deliver a packaged product to its customers. Nevertheless, *Standard Register Co.* contains no detailed analysis to support this conclusion, and it appears that the taxpayer there did not directly raise the claim presented here, i.e., that the packaging materials were sold for subsequent resale. Accordingly, *Standard Register Co.*, while a helpful benchmark, does not eliminate the need for us to consider Wetterau's theory.

■ The resolution of the resale issue presents a question of statutory construction, with the primary objective of giving effect to the intention of the legislature. *Standard Register Co., supra,* 135 Vt. at 272–73, 376 A.2d at 42; *Rock of Ages Corp.* v. *Commissioner of Taxes,* 134 Vt. 356, 358, 360 A.2d 63, 65 (1975). The plain, ordinary meaning of statutory language is presumed to be intended. *Hadwen, Inc.* v. *Department of Taxes,* 139 Vt. 37, 41, 422 A.2d 255, 258 (1980). Turning to the relevant statutes, it is obvious that the retail grocers transfer title and possession of the bags and packaging materials to their customers. 32 V.S.A. § 9701(6). But are such transfers made "for a consideration" within the meaning of § 9701(6)?

Wetterau contends this question must be answered in the affirmative because the price charged by the grocers for their goods includes the cost of packaging materials purchased by them from Wetterau. We disagree with this reasoning and conclude therefore that the sale of the packaging materials to the grocers is a sale at retail under 32 V.S.A. § 9701(5).

■ "[C]onsideration must be bargained for as the exchange for the promise." *Quazzo* v. *Quazzo,* 136 Vt. 107, 112, 386 A.2d 638, 641 (1978). The customers of retail grocers transfer a direct and specific consideration for *groceries.* They do not bargain for or determine the number, shape, size, or construction of the packaging materials provided by the grocers. For example, two customers might each spend $50 on groceries, one purchasing ten steaks, the other forty boxes of cereal. Obviously each customer will receive a different number of bags in which to transport his or her purchase. The fact that the purchaser of the cereal requires a greater number of bags does not result in a corresponding price increase

on the cereal (or a corresponding decrease in price for the purchaser of steak). Except in the unusual case where an individual seeks to purchase only paper bags, there is no immediate direct charge for these commodities by the grocers. Accordingly, we hold that the superior court correctly determined that Wetterau's sales of wrapping and packaging materials to retail grocers are sales at retail subject to tax.

## II.

Wetterau next argues that the wrapping and packaging supplies sold by it to retail grocers are exempt from taxation under 32 V.S.A. § 9741(16). That section exempts from the retail sales tax receipts from "[m]aterials, containers, labels, sacks, cans, boxes, drums or bags and other packing, packaging, or shipping materials for use in packing, packaging or shipping tangible personal property by a manufacturer or distributor." We must decide whether the retail grocers who purchased packaging materials from Wetterau are "manufacturer(s)" or "distributor(s)" as those terms are used in this statute.

### A.

Because Chapter 233 of Title 32 is silent as to the definition of the term "manufacturer," we are required to "endow it with a meaning that comports with the legislative intent as expressed in the legislation involved." *Rock of Ages Corp., supra,* 134 Vt. at 358, 360 A.2d at 65. We are aided in this endeavor by reference to regulations adopted by the Department of Taxes in accordance with Chapter 25 of Title 3 (the Administrative Procedure Act). These rules constitute "prima facie evidence of the proper interpretation of the matter that they refer to." 3 V.S.A. § 845(a).

The Department has broadly defined "manufacturer" to mean "one who performs as a business an integrated series of operations which places tangible personal property in a form, composition, or character different from that in which it was acquired." Tax Dept. Reg. 1.9741(a)(16)-3. This definition is consistent with our determination in *Rock of Ages Corp., supra,* 134 Vt. at 358, 360 A.2d at 65, that "manufacture" is generally regarded as a process of transforming raw

materials into an altered form for use. Finally, we think it evident that the legislature, in providing the exemption for manufacturers contained in § 9741(16), intended it be available only to those taxpayers whose business is exclusively, or at least primarily, dedicated to manufacturing. The exemption should not be broadly construed so as to bring even incidental manufacturing activity within its scope. *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979) (exemptions from taxation are to be strictly construed).

In light of these considerations, we conclude that Wetterau's customers, the retail grocery stores, are not manufacturers within the meaning of the packaging exemption. The grocers' operations in cutting meat, poultry and fish into smaller pieces can no more be considered manufacturing than can the analogous process of removing blocks of stones from quarries which we held not to be manufacturing in *Rock of Ages Corp., supra.* Moreover, even if we were to consider some of their activities as equivalent to manufacturing, the taxpayer has nevertheless failed to meet its burden of establishing that these activities constituted a primary part of the business of any of the retail grocers. The record is therefore inadequate to support the exemption claimed by Wetterau.

## B.

A somewhat more difficult question is raised by Wetterau's claim that the retail grocers are "distributors" under the packaging exemption. Not surprisingly, the taxing statutes fail to define this crucial term. Into this void has stepped the Department with a regulation defining distributor as a "person who in the normal commercial language purchases tangible personal property from a manufacturer and sells the same at wholesale. One who sells at retail is not a distributor." Tax Dept. Reg. § 1.9741(a)(16)-4. Wetterau objects to this regulation, contending it is contrary to the legislature's intent.

Although the issue is not totally free from doubt, we nonetheless agree with the Department's interpretation of the term "distributor." It is established practice that exemptions from taxation are to be strictly construed, and to be

330

denied unless shown to be within the necessary scope of the statute. *In re Middlebury College Sales & Use Tax, supra,* 137 Vt. at 31, 400 A.2d at 967 (1979); *Standard Register Co.* v. *Commissioner of Taxes, supra,* 135 Vt. at 273, 376 A.2d at 42. The exemption urged by Wetterau is not within the necessary scope of the statute. The sales tax is designed to be imposed on the ultimate user. See *Hadwen, Inc.* v. *Department of Taxes, supra;* 32 V.S.A. §§ 9771(1), 9773(1). Here the retail grocers are clearly the ultimate users of the wrapping and packaging materials. It is the grocers who determine which goods are to be wrapped and with what. The benefits of such packaging accrue to the grocers as they are thus able to more conveniently and attractively market their products. Furthermore, if the legislature had intended the broad definition urged on us by Wetterau it could have accomplished this simply by using the term "retailer" in lieu of "manufacturer or distributor" in § 9741(16). These express words of limitation must be deemed to have been selected advisedly. See *Lewis* v. *Holden,* 118 Vt. 59, 99 A.2d 758 (1953). Wetterau's claim of exemption was properly denied.

*Judgment affirmed.*