**Farmers Production Credit Association of South Burlington v. State of Vermont**

[481 A.2d 18]

No. 83-368

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 13, 1984

582

*Sheehey, Brue & Gray,* Burlington, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *Elizabeth Dennis Anderson,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Hill, J.** The Vermont Department of Taxes assessed a property transfer tax against the appellant, Farmers Production Credit Association of South Burlington (Association), in connection with a transfer of certain real property to the Association. The Association claimed it is an "instrumentality" of the United States and therefore is exempt from the tax under Vermont law. The Association appealed the assessment to the Vermont Commissioner of Taxes (Commissioner), who affirmed the assessment. The Association then appealed to

superior court. That court also affirmed the assessment, and the Association has appealed to this Court. We affirm the decision of the superior court.

The appellant is an association chartered under § 20 of the Farm Credit Act of 1933, 12 U.S.C. § 1131d, and now operating under the provisions of the Farm Credit Act of 1971. 12 U.S.C. § 2091. The Association points out that the Farm Credit Act of 1971 describes production credit associations chartered under the Act or under the Farm Credit Act of 1933 as "instrumentalities of the United States." 12 U.S.C. §§ 2091, 2098. The Association also points out that § 9603(2) of Title 32 of the Vermont Statutes Annotated exempts from the Vermont property transfer tax all transfers of property "acquired by the United States of America, the state of Vermont, or any of their *instrumentalities*, agencies or subdivisions." 32 V.S.A. § 9603(2) (emphasis added). The Association argues that it is an "instrumentality" of the United States under 12 U.S.C. §§ 2091 and 2098, and that, therefore, 32 V.S.A. § 9603(2) exempts it from the property transfer tax.

This appeal requires us to construe 32 V.S.A. § 9603(2). The Vermont Department of Taxes (Department) argues that state law and not federal law determines whether the Association is a federal instrumentality for purposes of the Vermont property transfer tax. The Association argues that the language of § 9603(2) unambiguously exempts all entities labelled instrumentalities by federal law. We agree with the Department of Taxes, however, that 32 V.S.A. § 9603(2) is ambiguous on this point. The statute nowhere defines the word "instrumentalities." The Department claims that "instrumentalities" refers only to entities that are so closely related to the federal government as to be exempt from all state taxation. See *Department of Employment* v. *United States,* 385 U.S. 355, 358–59 (1966) (the Red Cross is an entity "so closely related to governmental activity as to [be] a tax-immune instrumentality . . . ."). Since the word "instrumentalities" is susceptible of more than one interpretation, we must look beyond the statute itself to determine the legislature's intent.

Pursuant to the Vermont state law on property transfer tax exemptions, 32 V.S.A. § 9603(2), the Department promulgated a regulation purporting to clarify the scope of the exemp-

tion for federal instrumentalities. That regulation provides in part that:

> The exemption provided for transfers to the federal government or its instrumentalities is intended to exempt only those federal agencies which cannot be subjected to a state tax under federal law and the Constitution.

Reg. § 1.9603(2)-1. The parties stipulated that no federal law exempts production credit associations from state property transfer taxes. See 12 U.S.C. § 2098. Therefore, the State argues, under Reg. § 1.9603(2)-1 the Association is subject to the property transfer tax.

▮ Regulation 1.9603(2)-1 was promulgated pursuant to 32 V.S.A. § 9611, which authorizes the Commissioner of Taxes to issue regulations interpreting Vermont's taxation statutes. When the regulation was issued, its effect was governed by 3 V.S.A. § 803(c), now repealed. Section 803(c) stated that all rules adopted pursuant to § 803(c):

> shall be valid and binding on all persons affected thereby, shall have the force and effect of law until amended or revised or until otherwise determined by a court of competent jurisdiction in an action brought in accordance with the laws of this state, and shall be prima facie evidence of the proper interpretation of the matters therein referred to. A proceeding to contest any rule on the ground of noncompliance with the procedural requirements of this section must be commenced within six months from the effective date of the rule.

The successor statute to § 803(c), 3 V.S.A. § 845(a), presently gives the same effect to properly adopted administrative rules. Thus, according to 3 V.S.A. § 803(c) (repealed) and 3 V.S.A. § 845(a), Regulation 1.9603(2)-1 is prima facie evidence of the interpretation the Vermont legislature intended to give to the word "instrumentalities" in 32 V.S.A. § 9603(2).

▮ This Court must sustain the interpretation given by the regulation as long as it is "reasonably related to the purposes of the enabling legislation." *Committee to Save the Bishop's House, Inc.* v. *Medical Center Hospital of Vermont, Inc.*,

137 Vt. 142, 150, 400 A.2d 1015, 1019 (1979). The purpose of the property transfer tax statutes is to raise revenue. We think the Department's interpretation of 32 V.S.A. § 9603(2) as set forth in Reg. § 1.9603(2)-1 is reasonably related to this purpose, and is consistent with our rule that "[e]xemptions from taxation are to be strictly construed," and that "no claim of exemption [should] be allowed unless shown to be within the necessary scope of the statute." *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979). The Association has failed to refute the prima facie showing that the regulation is valid. Therefore, we affirm the decision of the superior court.

*Affirmed.*