**Central Vermont Railway, Inc. v. Department of Taxes**

[480 A.2d 419]

No. 83-437

Present: Hill, Underwood and Gibson, JJ., and Barney, C.J. (Ret.), and Daley, J. (Ret.), Specially Assigned

Opinion Filed July 20, 1984

*Ralph W. Howe III* of *Paterson, Walke & Pratt, P.C.*, Montpelier, and *Nicholas S. Nadzo* and *F. Bruce Sleeper* of *Jensen Baird Gardner & Henry*, Portland, Maine, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, and *Elizabeth Dennis Anderson*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

Underwood, J. Central Vermont Railway, Inc. (CVR) appeals from a decision of the Washington Superior Court denying it a refund for the Vermont sales and use tax paid during the period of April 1978 through June of 1981 (refund period). The disputed taxes were paid by CVR on the diesel fuel used to power its locomotives during the refund period; CVR argues that purchases of this fuel were exempted from the sales and use tax during the refund period.

In April of 1981, CVR requested a refund of the sales and use tax paid on this diesel fuel; such a remedy is authorized by 32 V.S.A. § 9781(a). The refund request was denied by the Department of Taxes (Department), after which CVR appealed to the Commissioner of Taxes. Prior to the hearing before the Commissioner, CVR and the Department entered into stipulations which form the factual basis of this appeal. The Commissioner upheld the Department's denial, and CVR appealed to the Washington Superior Court, 32 V.S.A. § 9817(a), which upheld the Commissioner's decision to deny the refund.

CVR did not contest payment of the tax during the refund period and apparently remitted the tax without protest. Under 32 V.S.A. § 9781(a) this was permissible: "The application [for refund] may be made by a customer who has actually paid the tax."

On appeal, CVR argues that the superior court erroneously held (1) that diesel fuel was not exempt from the sales and use tax during the refund period, and (2) that there was no constitutional violation when the Department exempted diesel fuel

purchases for on-highway use, such as for trucks, but did not exempt diesel fuel purchases for off-highway use, such as for CVR's locomotives. We agree with CVR that diesel fuel, whether for on-highway or off-highway use, was exempt from the sales and use tax during the refund period.

During the refund period, 32 V.S.A. § 9741 provided that:

> Receipts from the following shall be exempt from the tax on retail sales imposed under section 9771 of this title and the use tax imposed under section 9773 of this title.
>
> . . . .
>
> (7) Sales of motor fuels taxed or exempted under chapter 217 of this title.

Chapter 217 of Title 32 is comprised of two subchapters. Neither party argues that subchapter two, 32 V.S.A. §§ 8871–8874 (reciprocal motor fuel tax on out-of-state vehicles), is applicable to this case, so we turn to subchapter one. If the sale of diesel fuel was exempted from the motor fuel tax imposed in 32 V.S.A. §§ 8801–8811 during the refund period, then it was also exempted from the sales and use tax during that period under 32 V.S.A. § 9741(7).[1]

Although it is not a model of careful and precise drafting, we interpret 32 V.S.A. § 8801(a) as exempting diesel fuel from the tax imposed in 32 V.S.A. chapter 217. The statute provides that:

> (a) The term "distributor" as used in this subchapter shall mean a person, firm or corporation who imports or causes to be imported *gasoline or other motor fuel* for use, distribution or sale within the state or any person, firm or corporation who produces, refines, manufactures or compounds *gasoline or other motor fuel* within the state for use, distribution or sale therein. *Kerosene, diesel oil and*

---

[1] After the period of time relevant to this case, 32 V.S.A. § 9741(7) was amended by addition of the clause, "provided, however, that jet fuel, and railroad fuel shall be taxed under this chapter." 1981 Vt. Acts No. 87, § 21. In 1982, 32 V.S.A. § 9741(7) was amended once again, simultaneously with the adoption of the Diesel Fuel Tax Act, 23 V.S.A. §§ 3001–3026. 32 V.S.A. § 9741(7) now provides that "[s]ales of motor fuels taxed or exempted under chapter 217 of this title, provided, however, that jet fuel shall be taxed under this title." .

604

*aircraft jet fuel shall not be considered to be motor fuel under this subchapter.*

*Id.* (Emphasis added.)

 The first question is whether "diesel oil"[2] is a motor fuel as contemplated in 32 V.S.A. § 8801(a). Subchapter one of chapter 217 does not specifically define the term motor fuel but twice uses the phrase "gasoline or other motor fuel" in 32 V.S.A. § 8801(a). When a term in a statute is undefined, it is to be given its plain and commonly accepted meaning. *Hadwen, Inc.* v. *Department of Taxes,* 139 Vt. 37, 39, 422 A.2d 255, 257 (1980); *Brattleboro Chalet Motor Lodge, Inc.* v. *Thomas,* 129 Vt. 405, 411, 279 A.2d 580, 583 (1971). Furthermore, in construing a term in a statute, we will avoid a construction which may lead to the unconstitutionality of the statutory provision if a reasonable alternative exists. *Hadwen, supra,* 139 Vt. at 39, 422 A.2d at 257. To us the plain and commonly accepted use of the phrase "gasoline or other motor fuel" certainly includes diesel fuel. This interpretation also avoids the disparate tax treatment between on-highway and off-highway use of diesel fuel which CVR argues violates both the equal protection clause of the United States Constitution and the proportional contribution clause of the Vermont Constitution. Thus, our determination that the term "gasoline or other motor fuel," 32 V.S.A. § 8801(a), includes diesel fuel is justified both by a plain reading of the term and as a reasonable interpretation to avoid a potentially unconstitutional application of the statute.

 Next, we look to chapter 217, subchapter one, § 8801(a), to see if diesel fuel was exempted from the tax imposed upon "gasoline or other motor fuel." The concluding sentence of § 8801(a) provides that "diesel oil . . . shall not be considered to be motor fuel under this subchapter." Although not delineated as such, we think this exempts diesel fuel, whether used on a highway or on a railroad, from the otherwise broad sweep of "other motor fuel" in § 8801(a). We are mindful of the principle urged upon us by the Department that

---

[2] The parties concede that the terms "diesel oil" and "diesel fuel" are synonymous for purposes of the appeal.

exemptions from taxation are to be narrowly construed, *Wetterau, Inc.* v. *Department of Taxes*, 141 Vt. 324, 329–30, 449 A.2d 896, 899 (1982) ; however, we are also mindful of the principle that the legislature did not intend an absurd or irrational result. *Heisse* v. *State*, 143 Vt. 87, 90, 460 A.2d 444, 446 (1983) ; *In re G. F.*, 142 Vt. 273, 279, 455 A.2d 805, 808 (1982). To find that § 8801 (a) did not exempt diesel fuel from taxation or that it exempted on-highway diesel fuel but not off-highway diesel fuel would not only be irrational but may well lead to a constitutional violation. We hold that the diesel fuel used by CVR to power its locomotives was exempt from Vermont's sales and use tax by virtue of the exculpatory clause in 32 V.S.A. § 8801 (a) and the provision of 32 V.S.A. § 9741 (7) that were in effect during the refund period. Because of this holding, we do not reach the constitutional argument briefed by CVR.

On the record before us, we are unable to determine either the exact dates of the refund period or the amount of the sales and use tax paid by CVR during the refund period. Thus, we must remand the case to the superior court for calculation of the refund due in order to render a proper judgment for CVR.

*Reversed and remanded for the purpose of calculating the amount of the refund due plus interest and costs, and the entry of judgment for the appellant.*