*C&S Wholesale Grocers, Inc. v. Vermont Department of Taxes*, No. 547-9-14 Wncv (Teachout, J., June 24, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                          **Docket No. 547-9-14 Wncv**

**C&S WHOLESALE GROCERS, INC.**
    **Taxpayer–Appellant**


    **v.**


**VERMONT DEPARTMENT OF TAXES**
    **Appellee**



## DECISION ON APPEAL

Taxpayer C&S Wholesale Grocers, Inc., the nation's largest wholesale grocer, appeals from an assessment of sales and use tax by the Vermont Department of Taxes. At issue in this case is whether the insulated fiberglass shipping tubs that C&S uses to transport perishable groceries to retailers and the diesel fuel it uses to power the refrigeration systems in its trucks are exempt from the sales and use tax pursuant to 32 V.S.A. § 9741(16).[1] That subsection exempts from the tax "packing, packaging, or shipping materials for use in packing, packaging, or shipping tangible personal property by a manufacturer or distributor." The Commissioner concluded that the shipping tubs and diesel fuel are not within the scope of the exemption. C&S argues that they are and that any interpretation to the contrary is unconstitutional.

The court reviews this case "on the basis of the record established before the Commissioner." *Piche v. Dep't of Taxes*, 152 Vt. 229, 233 (1989) (citing *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 294 (1980)). The Commissioner's decision is presumed "correct, valid and reasonable, absent a clear and convincing showing to the contrary." *Tri-State Indus. Laundries*, 138 Vt. at 294. "[I]n construing tax exemptions, the burden is on the person claiming the benefit of the exemption and the exemption statute must be strictly construed against that person." *Our Lady of Ephesus House v. Town of Jamaica*, 2005 VT 16, ¶ 14, 178 Vt. 35.


*The exemption as applied to this case*

The following are exempt from the sales and use tax under 32 V.S.A. § 9741(16): "[m]aterials, containers, labels, sacks, cans, boxes, drums, or bags and other packing, packaging, or shipping materials for use in packing, packaging, or shipping tangible personal property by a

---

[1] The Commissioner determined that the dry ice that C&S packs with certain perishable foods is exempt from the sales and use tax pursuant to 32 V.S.A. § 9741(16). While that matter was raised and decided below, it is not part of this appeal and the court will not address it.

manufacturer or distributor." An expression such as "[m]aterials . . . used in shipping" is potentially meaninglessly broad. By regulation adopted in 1974, the Department expressly interpreted the exemption to *not* apply to "returnable or reusable pallets, skids, reels and similar equipment" in an effort to distinguish packing, packaging, and shipping materials from the taxpayer's durable equipment. The rationale was described subsequently in Technical Bulletin 11, issued in 1998:

> It has long been the Department's position that returnable and reusable packaging is not exempt from the sales and use tax. The rationale for the exemption is that packaging is ordinarily transferred to the retail customer as part of the sale and it is part of the taxable base. There the same packaging should be exempt at the manufacturing or distributor level to avoid taxing it twice. In contrast, returnable or reusable packaging which is not permanently transferred to a retail customer does not become part of the taxable base. Therefore, the exemption has extended only to materials that were transferred to the buyer with the product; and returnable or reusable materials used by the manufacturers or distributors in getting their product to the market have not been exempt.

TB-11 at 1 (footnote omitted). As the Department puts it, the taxpayer's durable equipment has come to rest in the stream of commerce and thus should be taxed to the manufacturer or distributor. Packing, packaging, and shipping materials that will continue down the stream of commerce are not taxed.

There is nothing arbitrary or inherently unreasonable with this much of the Department's interpretation of 32 V.S.A. § 9741(16). It is consistent with the thrust of similar statutes. See 67B Am. Jur. 2d Sales and Use Taxes § 104 (WL updated May 2015) ("The purpose of exempting from the sales tax such intermediate sales of containers and packaging materials is to avoid double taxation and to prevent the increase of the ultimate sales price to the consumer, for the consumer pays the whole tax reflected in the price which he or she pays for the finished product.")

Applying this interpretation to this case, neither the diesel fuel used to power C&S's refrigeration systems nor the durable fiberglass tubs in which it transports some products is within the scope of the exemption. C&S claims that the diesel qualifies as a shipping material because it is a material and it is used in the shipping process. While true in a highly literalistic way, this argument would extend the tax exemption to anything that both can be considered a "material" and is in any way is related to C&S's grocery transportation. It is overly broad. As the court stated in *McClure Newspapers, Inc. v. Vermont Dep't of Taxes*, 132 Vt. 169, 173 (1974), "we [do not] allow words . . . to prevail over common sense." Diesel fuel is not a shipping material within the meaning of 32 V.S.A. § 9741(16).

The shipping tubs also are not within the scope of § 9741(16). The Commissioner found that the fiberglass tubs are durable equipment typically having a life expectancy of greater than three years and that they have come to rest in the stream of commerce with C&S. On those facts, the tubs are not exempt.

2

C&S argues that the diesel fuel and tubs are exempt based on its understanding of *McClure Newspapers, Inc. v. Vermont Dep't of Taxes*, 132 Vt. 169 (1974), and *Standard Register Co. v. Commissioner of Taxes*, 135 Vt. 271 (1977). C&S also asks the court to invalidate the Department's so-called three-year rule.

*McClure* does not advance C&S's claim in this case. In *McClure*, the Court analyzed a newspaper's claim of exemption under § 9741(14). That subsection, at the time of *McClure*, exempted "[t]angible personal property which becomes an ingredient or component part of, or is consumed or destroyed or loses its identity in the manufacture of tangible personal property for later sale." The question in *McClure* was whether the process of "manufacturing" a newspaper included the process by which a reporter takes photographs such that the consumables used to produce those photographs (film, flash, etc.) were exempt. The Court concluded that it did.

*McClure* can be read to have given the concept of manufacturing a broad interpretation, implying that the exemption in that case will have broad applicability. This case is not analogous, however. The exemption in this case is limited to packing, packaging, and shipping materials and the issue is whether the disputed items have the characteristics that the exemption requires.

*Standard Register* also does not advance C&S's claim. Originally, the following were exempt from the sales and use tax: "[m]aterials, containers, labels, sacks, cans, boxes, drums or bags and other packing, packaging, or shipping materials for use in packing, packaging or shipping tangible personal property *for resale*." 32 V.S.A. § 9741(16) (1973) (emphasis added), as quoted in *Standard Register*, 135 Vt. at 273. The question in *Standard Register* was whether the taxpayer's business forms were being sold "for resale." They were not. Thus, the Court concluded, shipping materials used to transport the forms fell outside of the exemption.

While *Standard Register* was pending, the legislature amended the exemption to delete "for resale" and replace it with "by a manufacturer or distributor." The Court recognized that the amended language, had it applied in *Standard Register*, would have changed the outcome: "As to sales after [the amendment], it is now clear that materials sold to a manufacturer and used for shipping his product are exempt from tax, as fully as materials sold him for incorporation into the product itself."

*Standard Register* has no material application to this case. There, the Court was addressing the effect of the resale requirement that appeared in the original statute. In this case, the issue is whether the diesel and tubs have the character of packing, packaging, or shipping materials within the meaning of the exemption. The resale or consumption of the personal property sold with those packing, packaging, or shipping materials is immaterial to this case.

C&S also argues that the Department's "three-year rule" is invalid. This rule is discussed in Technical Bulletin 11. In short, in 1998, the Department modified its policy on the distinction between nondurable shipping materials (exempt) and durable equipment used in shipping (not exempt). In the Bulletin, the Department explains the rationale for the distinction but notes that it created an incentive to use disposable shipping materials rather than reusable materials. To incentivize the use of reusable shipping materials, the Department's new (and current) policy is

that reusable shipping materials with a life expectancy not exceeding three years would be considered within the scope of 32 V.S.A. § 9741(16). In other words, the Department now extends the exemption to durable equipment with a limited life that otherwise is not within the scope of the exemption.

C&S argues that there is no statutory basis for the three-year rule, the Department had no authority to adopt it, and it is thus invalid. The court declines to address this issue because it has no effect on this case. The three-year rule operates to expand the exemption to include certain durable equipment that otherwise, by longstanding interpretation of the Department, would fall outside its scope. C&S's fiberglass tubs fall outside of the three-year rule because they generally have a life expectancy exceeding three years. Thus, the tubs are taxable even with the benefit of the expanded exemption. A determination that the three-year rule is valid or invalid is irrelevant to this case.

*Constitutionality of the exemption*

C&S argues that excluding its diesel fuel and fiberglass tubs from the benefit of the exemption has the ultimate effect of raising the prices of the groceries for retail customers. There are numerous federal food assistance programs in which those customers may participate. Taxing C&S on diesel and tubs thwarts the effectiveness of those assistance programs, C&S reasons, and thus violates the Supremacy Clause. C&S cites no meaningful authority for this extremely broad argument, which presumably would prevent any taxation of C&S (or any component of the food industry in general) of any kind.

"The Supremacy Clause of the United States Constitution proclaims federal law to be 'the supreme Law of the Land.' Consequently, federal law can preempt state law whenever Congress explicitly states that it is preempting state law or implicitly preempts state law by occupying an entire field of regulation or passing laws that conflict with state law." *Youngbluth v. Youngbluth*, 2010 VT 40, ¶ 12, 188 Vt. 53 (citations omitted).

C&S has not seriously attempted to show express, field, or conflict pre-emption. The matter is inadequately briefed. The court declines to address it further.

*Penalty*

C&S argues that the Commissioner abused her discretion by including a penalty with the assessment of sales and use tax. C&S raised this issue for the first time in its reply brief. It was not preserved for review. *Agency of Natural Resources v. Glens Falls Ins. Co.*, 169 Vt. 426, 435 (1999) (holding that issues raised for the first time in a reply brief are not preserved for review). In any event, C&S argues that the Commissioner abused her discretion because its underpayment of taxes was de minimus *presuming* it prevails on the issues above. It has not prevailed on those issues; there is no compelling basis for the conclusion that the penalty is an abuse of discretion.

4

## ORDER

For the foregoing reasons, the Commissioner's Determination is *affirmed*.

Dated at Montpelier, Vermont this ____ day of June 2015.

_____
Mary Miles Teachout
Superior Judge