STATE OF VERMONT

SUPERIOR COURT                                                ENVIRONMENTAL DIVISION
                                                                      Docket No. 5-1-16 Vtec

---

Saxon Ptnrs LLC BJ's Warehouse Sketch Plan

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (5-1-16 Vtec)

Title:            Motion for Summary Judgment (Motion 1)
Filer:            City of South Burlington
Attorney:     Amanda Lafferty
Filed Date:    March 25, 2016

Response filed on 04/14/2016 by Attorney Robert H. Rushford for Appellant Saxon Partners, LLC
          Opposition
Response filed on 05/04/2016 by Attorney Amanda Lafferty for Interested Person City of South Burlington
          Reply

**The motion is GRANTED.**

          Applicant Saxon Partners, LLC proposes to build a planned unit development (PUD) in the City of South Burlington, Vermont (City) that includes an 88,548-square-foot BJ's Wholesale Club (the Project). Applicant sought sketch plan review for the Project from the City Development Review Board (DRB) in the fall of 2015. The sketch plan review process continued over a series of DRB meetings in the fall and winter of 2015 and spring of 2016. During one DRB meeting on December 15, 2015, the DRB voted to enter "deliberative session." When the DRB returned from deliberative session, it reported that "the Board is of the unanimous opinion that this [PUD] is not a permitted use; it is a 'shopping center' inside one building." Applicant appealed that determination to this Court and filed a Statement of Questions, all four questions of which challenge the DRB's categorization of the Project as a "shopping center" and its conclusion that the Project is not an allowed use. The City is an interested party in this appeal, as are three self-represented City residents.[1]

          Pending before the Court is the City's motion for summary judgment, in which the City argues that the DRB's comments are not an appealable decision because they are not final or binding. The City also argues that this appeal is unripe because sketch plan applications do not trigger vested rights, and the City's Land Development Regulations (Regulations) may change

---

[1] The three self-represented interested parties are Spencer Baker, Nancy Baker, and Danielle Fisette.

before this application proceeds to preliminary or final plat review.[2]  Finally, the City argues that any decision made in sketch plan review is *per se* unappealable because sketch plan review is not a "municipal regulatory proceeding" as that phrase is used in 24 V.S.A. § 4471(a), which authorizes appeals of municipal decisions to the Environmental Division.[3]  We agree with the City's first argument, and therefore need not reach the other two.

Title 24 authorizes appeals from "decisions" rendered by appropriate municipal panels in municipal regulatory proceedings.  24 V.S.A. § 4471(a).  The statute does not define "decision," but the word connotes finality—if a "decision" does not resolve an issue, it is not really a decision, but mere commentary or analysis.  Furthermore, under the Vermont Constitution, we (and all Vermont Courts) only adjudicate actual cases or controversies, and do not render advisory opinions.  In re 232511 Invs. Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 (citing Parker v. Town of Milton, 169 Vt. 74, 77).  Where a municipal panel renders commentary, guidance, or other hypothetical discussion, those "decisions" are not appealable, because an appeal would be merely advisory.  In re Stowe Club Highlands Merger/Subdivision Application, No. 35-3-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Feb. 15, 2012) (Walsh, J.).  We will read a statute to conform to the constitution if such an interpretation is reasonable.  See Cent. Vt. Ry., Inc. v. Dept. of Taxes, 144 Vt. 601, 604 (1984).  We therefore interpret 24 V.S.A. § 4471(a) to authorize appeals of final, binding municipal decisions; mere commentary or guidance issued in a municipal proceeding is not appealable under 24 V.S.A. § 4471(a).

Whether the DRB's categorization of this project as a "shopping center" (and therefore not an allowed use) is final and binding in this case depends on whether the Regulations authorize the DRB to make such a determination during sketch plan review.  Under the Regulations, an applicant for a PUD begins the application process by submitting a sketch plan to the City's administrative officer.  Regulations § 15.05(A).[4]  The administrative officer categorizes the application as "major" or "minor" and determines whether master plan review is required; it then refers the application to the DRB.  See id. § 15.05(C)(1).  The DRB then reviews the sketch plan at a regularly scheduled meeting.  Id. § 15.05(A), (C)(3).  At the sketch plan review meeting, the DRB "shall determine whether the sketch plan meets the purposes of [the Regulations] and shall, where it deems necessary, make specific suggestions to be incorporated by the applicant in subsequent submissions."  Id. § 15.05(C)(3).  The DRB can also "determine that a minor subdivision development shall supply additional material . . . at a warned public hearing."  Id.  After sketch plan review, a PUD application proceeds to preliminary plat review and then final plat review.  Id. § 15.08(A), (D).[5]

---

[2] We have concerns with the City's assertion that this appeal is unripe because Applicant's rights have not vested.  Once a project is certain enough and undergoes review by a municipal panel, rights in the then-existing bylaw should vest.  Proceeding with a different policy would be inefficient and unfair.

[3] We note that this Court has considered many sketch plan appeals in the past, see, e.g., In re Blackrock Construction, LLC Subdivision Sketch Plan Denial, No. 31-4-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2016).  Certainly, an Applicant could appeal the decision to categorize a subdivision proposal as "minor" or "major."  The case the City cites for its argument that sketch plan review is not "a municipal regulatory proceeding," In re Carroll, 2007 VT 19, ¶ 13, 181 Vt. 383, actually holds the opposite.  In that case, the Supreme Court adopted an expansive definition of "proceeding," and held that "subdivision review is one proceeding from application to preliminary plat review to final plat review." Id.

[4] The City submitted a full copy of the 2013 Land Development Regulations as Exhibit A to its Motion for Summary Judgment, filed March 25, 2016.

[5] A major subdivision must go through preliminary plat review.  Id. § 150.08(A).  A minor subdivision applicant can skip preliminary plat review.  Id. § 15.06(A).  Applicants may also be subject to master plan review.  See id. § 15.07.

The DRB's comments in this case do not fall into any of the categories of final decision the DRB is allowed to make at sketch plan review.  See Regulations § 15.05(C)(1), (3).  The DRB went into deliberative session to determine whether the Project was an allowed use, then announced that it had determined unanimously that the proposed retail center was not.   While the DRB's comments could be considered "suggestions" to the applicant, "suggestions" are inherently non-binding, and therefore unappealable. [6]

While the DRB may have considered the question of whether the Project is an allowed use to be finally decided, the Regulations do not authorize the DRB to make this decision with finality at the sketch plan stage.  The DRB's designation of the Project as a "shopping center," however formally announced, is therefore not binding and not appealable under 24 V.S.A. § 4471(a).

We note here that this decision does not apply uniformly to all towns' sketch plan review procedures.  Though most towns' sketch plan procedures call primarily for informal, non-binding review, some towns authorize their municipal panels to make broad, final decisions at the sketch plan phase.  See, e.g., In re Blackrock Constr., LLC Subdivision Sketch Plan Denial, No. 31-4-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2016) (noting that most towns provide only for conceptual sketch plan review, but that the Town of Hinesburg calls for a more in-depth review).

Applicant argues that the Court should hear this appeal because, given the DRB's pronouncement, the remaining steps in PUD review would be futile. First, the DRB's comments are not binding—on the Applicant or on the DRB itself.  Second, while we can appreciate Applicant's frustrations, that does not allow us to dispense with the statutory and constitutional limits on our jurisdiction.  Advisory opinions would often be convenient for the parties.  But the purpose of the constitutional limit on advisory opinions (embodied in our appeals statute) is to keep the Court from becoming a free-ranging referee of other branches of government.  See 13 Wright, Miller & Kane, Federal Practice and Procedure: Jurisdiction 3d § 3529.1 (quoting Flast v. Cohen, 392 U.S. 83, 96–97 (1968)).  These concerns are more important than efficiencies in a given case, and they ultimately help create a more efficient system in which courts only decide actual cases or controversies.

Because the DRB's categorization of the Project as a "shopping center" under the Regulations is not final or binding, it is not an appealable decision under 24 V.S.A. § 4471(a).  We therefore **GRANT** the City's motion for summary judgment.  A judgment order accompanies this decision.  This concludes the matter before the Court.

Electronically signed on July 15, 2016 at 10:54 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

So ordered.

---

[6] Even if the DRB's action could be considered a determination that the application does not meet the purposes of the regulations, such determination is too vague to be enforceable and is therefore not a final and binding decision.  See Regan v. Pomerleau, 2014 VT 99, ¶ 16, 197 Vt. 449 (holding that purposes statements in municipal zoning regulations are too broad and aspirational to be enforceable).

Notifications:

Robert H. Rushford (ERN 4714), Attorney for Appellant Saxon Partners, LLC

Matthew S. Stern (ERN 5743), Attorney for party 2 Co-counsel

Amanda Lafferty (ERN 5113), Attorney for Interested Person City of South Burlington

Interested Person W. Spencer Baker

Interested Person Nancy L. Baker

Interested Person Danielle Fisette